CONYERS v. POSTAL TELEGRAPH CABLE Co., and *vice versa.*

1. Under a statute subjecting telegraph companies to a penalty for failure to make prompt delivery of messages, a company is subject to action for such failure, whether the message was delivered to it for transmission directly by the sender, or by another telegraph company to whom the sender had delivered it, and which, after transmitting it over its own line, delivered it to the defendant company, by whom the transmission was completed.

2. The declaration by the sendee of a message in a suit for the penalty incurred by delay to deliver, which describes the delivery for transmission as having been made by the sender directly to the defendant company at the point A, is amendable by alleging that the sender delivered it at that point to another telegraph company who transmitted it to point B, and that it was there delivered to the defendant company and by it forwarded to point C, the point to which it was directed.

3. The message which the defendant delivered to the sendee after the delay complained of occurred, is admissible in evidence to prove the contents of the message to be as alleged in the declaration; and the original message need not be called for or produced for that purpose.

4. The message delivered by the defendant to the sendee being marked "paid," there was evidence from which the jury could find that it was a prepaid message and, therefore, should have been delivered with due diligence, as required by the statute on which the action is founded. The court erred in granting a nonsuit.

November 6, 1893.

Action for penalty. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

KONTZ & CONYERS, for plaintiff.

GLENN & MADDOX, for defendant.

SIMMONS, Justice.

1. Mrs. Conyers, the addressee of a telegraphic message, sued the Postal Telegraph Cable Company for the statutory penalty of one hundred dollars for failure to deliver with due diligence. At the trial it appeared from the evidence that the message was received by the defendant from another telegraph company, which had re-

ceived it from the original sender and which had transmitted it to the end of its own line; from which point the defendant transmitted it to the city of Atlanta, the place to which it was directed, but failed to deliver it to the plaintiff until after more than thirty-six hours had elapsed from the time it was received at the Atlanta office, although she resided in that city and the street and number of her residence were correctly given in the message. The charges for the entire service were prepaid to the first company, and from that company the defendant received payment for its own part of the service. The trial court granted a nonsuit, upon the ground that the defendant was simply the agent of the first company and that the suit should have been brought against the principal. This we think was error. In this action the plaintiff seeks to recover the penalty for the wrongful violation of a public duty,—a duty imposed by statute and not merely by contract, and her right to the penalty is given by the statute, and is not dependent upon any privity of contract with the defendant. The violation of this duty " is a wrong, and in dealing with the wrong, the element of contract is not involved." *Telegraph Co.* v. *Gray*, 87 *Ga.* 350; *Telegraph Co.* v. *Taylor*, 84 *Ga.* 408. In *Telegraph Co.* v. *Nunnally*, 86 *Ga.* 503, suits under this statute are classed with *qui tam* actions. It is there said : " The action is to recover a penalty, and it is brought by one who, if not literally an informer, is designated by statute to take the fruits of an action brought for the violation of a public penal law." Under the statute, not merely the first company, but every telegraph company that receives a dispatch, " whether from other telegraphic lines or from individuals," and which has been paid or tendered payment of the usual charge, must perform with due diligence the service it undertakes to perform on its own line ; and for the failure to perform this duty, the

right to recover the statutory penalty is given to " either the sender of the dispatch, or the person to whom sent or directed, whichever may first sue." (Acts 1887, p. 111.) So whether the company sued is responsible directly to the person from whom the first company received the message, or is responsible instead to that company itself as the sender, it is in either case liable to the person to whom the message is addressed, if there was a violation of the statutory duty. If liable to anybody at all, it cannot escape liability to the latter, subject only, as we have seen, to the condition that he is the first to sue; and we do not understand the court below to have held that because the company here sued was not employed by the original sender, it escaped all liability at all under the statute. It is therefore immaterial whether the company first employed contracted with the sender to be responsible for the whole service of transmission and delivery or not. Clearly it was never intended that a telegraph company should shield itself from the requirements of the statute by setting up that another company assumed primarily responsibility for the whole service. The claim that it acted as agent only cannot avail it in such case any more than it could in case of the violation of any other penal enactment. The question is, did the defendant company undertake to transmit and deliver the message, and did it fail to deliver with due diligence, after payment or tender of the usual charge? If it did, the plaintiff is entitled to the penalty.

2. The declaration, as it originally stood, alleged that the delivery of the message for transmission was made by J. W. Burge to the defendant's agent at Stilesboro, Ga. At the trial the plaintiff was allowed to amend by alleging that the delivery at that place was to the agent of the telegraph line of the East & West Railroad Company of Alabama, who forwarded the message over that

line to Cartersville, Ga., where it was delivered to the defendant's agent and was by him forwarded over the defendant's line to Atlanta, etc. This amendment was objected to on the ground that it set forth a new and distinct cause of action ; and its allowance by the court below is assigned as error in the defendant's cross-bill of exceptions.

The cause of action alleged in the declaration was the failure to deliver to the plaintiff at Atlanta, with due diligence, a particular message therein set out, which the defendant had received for transmission and delivery; and the allegation in the amendment that this message was received by the defendant at another point than that stated in the declaration, did not change the cause of action. So likewise as to the allegation that the defendant received the message through another telegraph line, to whose agent Mr. Burge had delivered it, instead of receiving it directly from Mr. Burge, as appeared from the declaration. As we have already explained in this opinion, the action being by the person to whom the message was addressed, and the breach of duty complained of being the failure to deliver with due diligence to the plaintiff, it makes no difference whether the message was received in the one way or the other. In the declaration as amended, the identity of the matter upon which the action is founded is fully preserved, and the effect of the amendment is simply to correct a misdescription in setting out matter of inducement.

3. The message delivered at Atlanta by the defendant to the plaintiff was admitted in evidence over the objection of the defendant that it was not admissible, because the message received for transmission was the highest and best evidence, and its absence was not accounted for; and the overruling of this objection is assigned as error. The court was clearly right in this

ruling. The same question was made in the case of the *Western Union Telegraph Co.* v. *Fatman*, 73 *Ga.* 285, which like the present case was an action for the failure to deliver the message in due time, and it was there held that the copy was admissible. There was no complaint that the message delivered was not the message transmitted or was not the same as that received by the defendant from the sender, but the complaint was that the copy which it was the defendant's duty to write out and deliver, was not delivered to the plaintiff in due time ; and as was said by the court in the case referred to : " When it delivered that copy, it cannot well deny that it is a *fac simile* of the original as received by it, and which it wrote out itself, but delivered too late." See also, Gray on Communication by Telegraph, §128 *et seq.*, §134.

4. The message delivered by the defendant to the sendee being marked " paid," there was evidence from which the jury could find that the defendant's charges were prepaid, and therefore that the message should have been delivered with due diligence, as required by the statute.

*Judgment reversed as to the main bill of exceptions, and affirmed as to the cross-bill.*