THE WESTERN UNION TELEGRAPH COMPANY *v.* RYALS.

A telegraphic company does not incur liability for the statutory penalty because of delay in transmitting or delivering a message, unless the delay occurs after actual payment or tender of the charges. Where, by mutual agreement of the sender and the company's agent or operator, the charges are held open as a debt to be subsequently paid by the sender, or by him and a third person jointly, this is neither actual payment nor any substitute therefor, with reference to the penal element of the statute; and it makes no difference that the message is forwarded over the wire nominally as a prepaid message.

August 20, 1894.

Action for penalty.    Before Judge SMITH.    Telfair superior court.    October term, 1893.

GUSTIN, GUERRY & HALL, for plaintiff in error.

D. C. McLENNAN, contra.

LUMPKIN, Justice.

This case is controlled by the ruling announced in the head-note.   A telegraph company is not liable for the penalty imposed by the act of 1887, except in cases where there has been a " payment or tender of the usual charge, according to the regulations of such company." This statute, being penal in its nature, should be strictly construed ; and accordingly, after careful consideration, it is our judgment that where, by mutual agreement of the sender of a message and the company's agent or operator, the amount due for sending the message is charged to the account of the sender, or of himself and a third person jointly—thus holding it open as a demand to be subsequently paid—this is not, within the meaning of the statute and with reference to its penal element, either actual payment or a tender of the same.

While marking a message " Paid" would, in the absence of proof to the contrary, raise the presumption against the company that it was a prepaid message (as we held in Conyers v. Postal Telegraph Cable Co., 92 Ga. 619, 19 S. E. Rep. 253), yet, where it affirmatively appears that the charge for the message was not paid in advance, forwarding it nominally as a prepaid message would not make it such in fact.

If a customer of the telegraph company chooses to do business with it on credit, he cannot hold the company liable to him for the penalty because of delay in transmitting or delivering a message.   If he wishes the company to transact his business at its peril with reference to the penalty, he must either pay in cash, or make the tender required by the statute.   Of course if any

negligent delay occurs either after actual payment or tender of the charges, the rule would be different.

*Judgment reversed.*