# Collins *v.* Western Union Telegraph Co.

*Damages for Failure to Deliver Telegram.*

(DECIDED MAY 9, 1906. 41 So. REP. 161.)

1. *Telegraphs; Action for Damages; Evidence.*—The message delivered to plaintiff by defendant is admissible in evidence, in an action for failure to promptly deliver telegram, although plaintiff had not given notice to defendant to produce the original message, or produced or accounted for its absence.

2. *Same; Pleadings.*—It is necessary to present by plea defenses of terms or conditions on the telegraph form used by plaintiff in

[Collins v. Western Union Telegraph Co.]

sending the message, that would defeat his recovery. Other-
wise they are not available to defendant.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by appellant against appellee for failure to
deliver telegram. The complaint and demurrers there-
to are set out below. After the demurrers were over-
ruled, issue was joined on the plea of the general issue.

The complaint in this cause contained two counts, as
follows: "(1) Plaintiff claims of the defendant $1,500
as damages, for that heretofore, during the month of
August, 1901, defendant was a common carrier of tele-
graphic messages, among other places, from Albertville,
Ala., to Birmingham and to North Birmingham, Ala.;
that at said time plaintiff was a practicing physician,
residing in said North Birmingham, and having an of-
fice in said Birmingham, and plaintiff at said time had a
patient, who was also his sister-in-law, and had been
wholly or partially raised by plaintiff as a member of
his family, who was at or near said Albertville, and who
was sick; that during said month, on the 16th day there-
of, plaintiff, by his agent at said Albertville caused to
be delivered to defendant at said Albertville a message
as follows: 'Patient not doing well. Come up in the
morning'—which message was addressed to plaintiff at
said Birmingham. Defendant received said message at
said Albertville for transmission by telegraph and de-
livery to plaintiff, and it then and there became its duty
to promptly transmit said message by telegraph, and to
promptly deliver same to plaintiff; but, notwithstanding
said duty, defendant negligently failed to promptly de-
liver said telegram to plaintiff, and as a proximate con-
sequence thereof plaintiff was prevented from going to
see said patient for a long time, to-wit, 48 hours, and
was put to great and unnecessary expense in and about
going to see said patient; and plaintiff, having treated
and considered said patient as his adopted daughter,
was made to suffer great mental pain and anxiety, and
he further lost the cost of said telegram paid to defend-
ant, and was caused to drive in the rain and mud and at
night, and was subjected to great trouble, inconven-

ience, and annoyance in and about traveling as afore-said. Count 2. [Same as first count down to and including the words "having an office in said Birming-ham."] That during said time, on, to-wit, 16th day of August, 1901, and thereafter, plaintiff's sister-in-law, who was also a patient of plaintiff and had been wholly or partially reared by plaintiff as a member of his family, was sick in or near Albertville, and on said day a message was delivered to defendant as a common carrier of telegraphic messages as aforesaid at said Albertville, addressed to plaintiff, to be transmitted by telegraph and delivered to plaintiff. Defendant received said telegram at said Albertville on the 16th day of August, 1901, for the purpose of transmitting and delivering it to the plaintiff, and it then and there became and was the duty of defendant to promptly transmit and deliver to plaintiff the said telegram; but, notwithstanding said duty, defendant negligently failed to promptly deliver to plaintiff the said telegram, which telegram was in words and figures as follows: 'Patient not doing well. Come up in the morning.' And as a proximate consequence of defendant's said negligent failure to promptly deliver said telegram, plaintiff suffered the injuries and damages set out in the first count of the complaint."

The defendant demurred to the complaint, and to each count thereof, as follows: "(1) It does not appear from said count who the sender of the telegram was. (2) It does not appear that the contract was made to send said message, or by whom it was made. (3) It does not appear that the plaintiff had suffered in person or estate by reason of the alleged failure to deliver the telegram. (4) It does not appear where the message was sent, or by what address the plaintiff was addressed." And to the second count, the following grounds: "(1) The averment in respect to the damages suffered by the plaintiff is too vague, indefinite, and uncertain. (2) The averment in respect to damages suffered by the plaintiff is improper and insufficient, in that it refers to the damages alleged in the first count in a manner, that is too vague, indefintie, and uncertain."

The court overruled the demurrers to the first count and sustained the demurrers to the second

count. The plaintiff identified and offered in evidence the telegram which was handed him by defendant's agents at Birmingham. The telegram was signed "T. A. Casey," at Albertville, Ala., and addressed to Dr. M. H. Collins, Birmingham, Ala. It was marked, "Received at 19 1st Ave., Birmingham, Ala., Aug. 6, 7:10 p. m.," and it was marked, "9 Paid." The defendant objected to the introduction of the telegram in evidence because it was not the original telegram, and because the original telegram delivered to defendant at Albertville was the original telegram, and that no notice to produce the original had been given to defendant. It was shown that the telegram was not delivered until some time during the morning of the 7th of August. Plaintiff also offered the envelope in which the telegram was delivered, and the indorsement thereon, as follows: "Dr. M. H. Collins, 21st Ave., between 27th and 28th St., Charges Paid." At the request of the defendant, the court instructed the jury to return a verdict for the defendant.

BOWMAN, HARSH & BEDDOW, for appellants.—The demurrers to the second count were improperly sustained. We are aware that this court has held that no action *ex contractu* could be maintained by the sendee of a telegram unless the sender was his agent.—*Ford v. Postal Telegraph Co.,* 124 Ala. 400. The contrary doctrine has been held in the following cases:—*Dryburgh's case,* 35 Pa. St. 298; *Derutte v. Telegraph Co.,* 30 How. Prac. 403. The American doctrine is stated in the following cases. —66 Miss. 549, 6 So. Rep. 461; Gray Commun. Tel. § 104, Note 3; 21 Am. & Eng. Ency. Pl. and Pr. p. 509 and authorities cited. While the Alabama court has decided that a suit could not be maintained *ex contractu* by the sendee, it has never decided that the sendee could not maintain an action *ex delicto,* and it is presumed that this court will not set itself at variance with the American doctrine.—*Young v. W. U. Tel. Co.,* 9 L. R. A. 218; *Mentzer v. W. U. Tel. Co.,* 28 L. R. A. 72; *McPeck v. W. U. Tel. Co.,* 43 L. R. A. 218. The court erred in sustaining defendant's objection to the introduction in evi-

dence of the telegram delivered to the sendee. The tel-graph company was the agent of the sendee, and the telegram delivered was the original so far as the sendee was concerned.—*Whilden & Sons v. Merchants National Bank,* 64 Ala. 1; *Conyers v. Postal Telegraph Co.,* 92 Ga. 619; *W. U. T. Co. v. Fatman,* 73 Ga. 285; *W. U. T. Co. v. Thompson,* 44 S. W. 402; *Reliance L. Co. v. W. U. T. Co.,* 58 Tex. 394; *W. U. T. Co. v. Bennett,* 21 S. W. 699; 2 Thomp. Neg. p. 1059; *Ashford v. Schoop,* 81 Mo. App. 539.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellee.—The demurrer to the second count was properly sustained.—*Blount's case,* 126 Ala. 105; *Adair's case,* 115 Ala. 144; *Ford's case,* 117 Ala. 674. The court properly sustained the objection to the copy of the telegram delivered to the sendee.—*Dougherty's case,* 89 Ala. 194; *Whilden's case,* 64 Ala. 70. The general charge for the defendant was properly given.—*Ayer's case,* 131 Ala. 391; *Ford's case, supra; Adair's case, supra.*

WEAKLEY, C. J.—This action was brought, not for a falure to transmit or deliver a telegraphic message, but the *gravamen* of the complaint is that the message which the plaintiff actually received was not promptly delivered. The plaintiff did not produce or account for the absence of the written message lodged with the defendant's agent at Albertville, nor give notice to the defendant to produce that message, and the city court, being of opinion that the written message prepared by the sender, plaintiff's agent, and delivered to the defendant at Albertville, was to be deemed the original message, in the situation of this case, refused to allow the plaintiff to introduce the message, or the envelope inclosing the same, which the defendant actually delivered to him at Birmingham. In this ruling there was error. There was no claim that any mistake had intervened in the transmission of the message, nor that the message delivered was not the very message received by the defendant, from the sender. Under these circumstances the presumption is that the message delivered is a correct reproduction

of that received, and it was admissible in support of the
complaint.—*Western Union Tel. Co. v. Fatman,* 73 Ga.
285, 54 Am. Rep. 877; *Conyers v. Postal Tel. Co.,* 92 Ga.
619, 19 S. E. 253, 44 Am. St. Rep. 100; 2 Thompson on
Neg. § 2521; 25 Am. & Eng. Ency. Law (1st Ed) p. 880.

We do not find that the cases relied on by appellee to
support the ruling of the city court conflict with what
we now hold.—*American Union Tel. Co. v. Daugherty,*
89 Ala. 191, 7 South. 660 (s. c. sub nom. *Daugherty v.
Telegraph Co.,* 75 Ala. 168, 51 Am. Rep. 435), was a suit
for the non-delivery of a message, and there the whole
effort was to introduce secondary evidence of the mes-
sage lodged with the defendant at the point whence it
was to be transmitted. The exact and only point there
decided, so far as it is necessary for us now to inquire,
was that incompetent evidence had been admitted to
prove the destruction of the message delivered to the
company for transmission. In *Whilden v. National
Bank,* 64 Ala. 1, 38 Am. Rep. 1, it was said: "There is
some difficulty in determining whether the message de-
livered to a telegraphic office, or that which is delivered
to the person to whom it may be addressed at the point
of destination, is to be regarded as the original. Per-
haps, under some circumstances, the one or the other
may be considered the original. It is not now necessary
to enter on that inquiry." And the court proceeds to
hold that the message received by the sendee was admis-
sible upon two distinct grounds: First, because the mes-
sage as written by the sender was without the jurisdic-
tion of the court; and, second, because the appellants
had voluntarily admitted to the witness the genuineness
of the dispatch offered in evidence. So far from there be-
ing any holding that the message delivered to
the sendee was secondary, not the original, there
is obviously in the opinion a studied and cau-
tious purpose to avoid such holding. The case,
however, supports rather than conflicts with the
view that we have taken. The delivery of the
message to the plaintiff was the equivalent of an asser-
tion by the defendant that it was the message it had re-
ceived for transmission, and was equivalent of an admis-

[Western Union Telegraph Co. v. Manker.]

sion of its genuineness and correctness. If there were any valid terms or conditions upon the form employed by the sender which the message as prepared at Albertville would have disclosed, and which would have defeated the action, they could and should have been brought forward by plea. No such plea was interposed.

There was no error in sustaining the demurrer to the second count of the complaint. The count failed to connect the plaintiff with the sending of the message, or to show any breach of duty to him of which he could complain.

Reversed and remanded.

Tyson, Simpson, and Anderson, JJ., concur.


### *Action for Damages for Failure to Deliver Telegram.*

