[Western Union Telegraph Co. v. Lucile Westmoreland.]

# Western Union Telegraph Co. *v.* Lucile Westmoreland.

*Damages for Delay in Delivery of Telegram.*

(Decided May 6, 1907.  43 So. Rep. 790.)

1. *Telegraphs; Failure to Deliver Messages; Damages.*—Whether the action be in tort or in contract the sender is entitled to recover the toll paid for the message as actual damages where the company negligently fails to deliver the same.

2. *·Pleading; Complaint; Demurrer; Motion to Strike.*—Where the complaint contained a good cause of action for the recovery of some damage but contains a claim also for non recoverable damages, demurrer is not the proper way to reach the defect; motion to strike the objectionable parts should be made, or objection to evidence relating thereto or by requested special, instructions covering that point.

3. *Witnesses; Examination; Discretion of Court.*—It is within the discretion of the trial court to permit leading questions and its action thereon is not reviewable.

4. *Telegraphs; Failure to Deliver Message; Evidence.*—In an action to recover damages for the failure to deliver a message it is competent for the plaintiff to testify that it was understood between her, the sender of the message, and the addressee of the message that when the sender left the town from which the message was sent she would go to addressee's home and let him know in advance when she would leave. Such evidence merely states an agreement between sender and sendee and does not state an intention.

5. *Same.*—The message, for the failure to deliver which this suit was brought, being to notify the sendee to meet sender at the station in the town in which the message was sent the plaintiff was entitled to show that she was not met at the station by the sendee.

6. *Same; Failure to Deliver; Evidence.*—In an action for failure to deliver or for delay in delivery of message the message delivered is properly admitted in evidence.

AEPEAL from Limestone Circuit ourt.

Heard before Hon. D. W. SPEAKE.

Action by Lucile Westmoreland against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

This was an action for damages for failure or delay in the delivery of a telegram. The sixth and seventh counts allege a delivery of the message to defendant for transmission; the payment of 41 cents for such services, and a contract on part of defendant to perform the service; a warning by plaintiff to defendant's agent at Selma to have said message delivered the night of the sending, its arrival at Athens at 7:18 o'clock p. m. on the day of its delivery to defendant; want of reasonable diligence in delivery of the message for more than 30 hours after its receipt at Athens; and because of said wanton, willful, or malicious withholding of the said message from said addressee, after the urgency thereof was fully known to the defendant, plaintiff claims of the defendant the sum of $1,000, including said sum of 41 cents for the services of transmitting and delivering said message to said addressee, as and for punitive and vindictive damages for the grossly wanton, willful, or malicious wrong done this plaintiff. The seventh alleges, in addition to the above, that the sendee had a well-known place of business on the public square in Athens, and was himself widely and well known in said town and county, and that the message was not delivered for more than 36 hours after its receipt in Athens; that she was a woman in poor health, and that the sendee was her father-in-law, and that it was necessary that he meet her; and his failure to do so. The defendant moved to strike from the seventh count the words, "who is a doctor of medicine, and did not know of her coming or arrival," and the words, 'and was at that time not in health." Demurrers were interposed to the sixth count, for that it claims punitive damages and vindictive damages, and does not allege any right to recover such damages, and that the averments of the count do not make out a case for the recovery of punitive or vindictive damages, and that it does not not aver or show that defendant wantonly or

intentionally failed to deliver said message, or that the defendant has adopted or ratified the alleged wrong of the agent, and for that the count does not show any violation by defendant of a public duty,; and for that the count does not show that plaintiff suffered in person or estate or reputation by the failure to deliver said message, and for that no circumstances or facts of inconvenience, annoyance, or distress are shown. There was verdict and judgment for plaintiff in the sum of $500.

W. T. SANDERS, and E. K. CAMPBELL, for appellant.—The demurrer to the 6th count as amended should have been sustained.—*City Delivery Co. v. Henry.* Both counts are framed on the theory that plaintiff can recover punitive damages although not entitled to compensatory damages. Such damages are remote and conjectural and not to be allowed.—*Yazee R. R. Co. v. Foster*, 23 South. 581; *Stafford v. Wes. Union*, 73 Fed. 273; *Wes. Union v. Bryan*, 46 N. E. 368; *Wes. Union v. Handley*, 54 N. E. 755. On the following authorities the demurrers to both counts should have been sustained: *Blount v. Wes. Union*, 120 Ala. 105 authorities supra. The court erred in allowing plaintiff to testify as to what was understood between her and Dr. Westmoreland about her coming home.—*Wade v. Martin*, 89 Ala. 578; *Hearst v. The State*, 133 Ala. 96; *Beatty v. Wes. Union*, 44 S. E. 309; *Ferguson v. Wes. Union*, 60 N. E. 674. The original message was the primary and best evidence and the court erred in allowing a copy to be introduced.—*Whilden v. Merchants' Bank*, 64 Ala 1; *Wes. Union v. Way*, 83 Ala. 554; *Daugherty's Case*, 89 Ala. 194. The court erred in refusing to give charge 16. —*W. U. Tel. Co. v. Merrill*, 39 South. 121. The court erred in refusing to give the other charges requested by defendant.—*Ayers' Case*, 90 Am. St. Rep. 92, and authorities supra.

THOMAS C. MCCLELLAN, for appellee.—The appellee had a right to sue either for the breach of a contract or for the breach of a duty imposed by law or growing out of the contract.—*Krichbaum v. Wes. Union Tel. Co.*, 132

[Western Union Telegraph Co. v. Lucile Westmoreland.]

Ala. 535; *Sharp's Case*, 87 Ala. 646; *Cunningham's Case*, 99 Ala. 314; *Seed's Case*, 115 Ala. 670. Demurrer is not the proper method by which to question the claim for damages or any element of damage.—*Kinnon's Case*, 92 Ala. 299; *Daugherty's Case*, 75 Ala. 168. Motion to strike all or parts of pleading are addressed to the sound discretion of the trial court.—*Marks v. Miller*, 134 Ala. 352; *Haley's Case*, 39 South. 386. In a proper case a telegraph company is liable for punitive or exemplary damages.—*Cunningham's Case*, 99 Ala. 317; *Seed's Case, supra; Way's Case, supra.* The infliction of actual damages is not essential to the imposition of exemplary damages.—*Nolan's Case*, 134 Ala. 332; *Seller's Case*, 93 Ala. 9; *Wilkinson's Case*, 76 Ala. 181; *Henderson's Case*, 89 Ala. 510. Defendant's agent at Selma had the authority to bind the defendant to a delivery of the message at night.—*Crumpton's Case*, 138 Ala. 646; *Merrill's Case*, 39 South. 121.

ANDERSON, J.—Counts 6 and 7 made out a case for recoverable damages. They show a loss to the estate of the plaintiff of the toll paid for the transmission of the message, and which said sum is recoverable as actual damage, whether it be in tort or contract.—*Western Union Tel. Co. v. Krichbaum*, 145 Ala. 409, 41 South. 16. Where the complaint makes out a a good cause of action for the recovery of any damage at all, but combines in addition thereto a claim for nonrecoverable damages, the proper way to rid it of the claim is not by demurrer, but by motion to strike, objection to the evidence, or special instruction to the jury.—*Kennon Bros. v. W. U. Tel. Co.*, 92 Ala. 399, 9 So. Rep. 200; *Daugherty v. A. N. T. Co.*, 75 Ala. 168, 51 Am. Rep. 435. The demurrers insisted upon by the appellant related only to the claim for punitive damages, and were properly overruled.

The trial court committeed no error in overruling defendant's motion to exclude testimony of plaintiff "that the agent or servant was paid in advance for the transmission and delivery of the above message." The only two grounds of objection assigned are that the evidence was responsive to a leading question. Whether it was,

42 R

or not, it was within the discretion of the trial court to permit leading questions. For the same reason, assignment of error No. 4 is without merit.

There was no error in permitting plaintiff to testify "that it was understood between Dr. Westmoreland and herself that when she left Selma she would come to his home, and that she would let him know in advance when she would leave Selma." Of course, parties cannot testify to uncommunicated motives or reasons; but the evidence does not state an intention as urged in the grounds of objection. It simply sets out an agreement between Dr. Westmoreland and the plaintiff. We think plaintiff had the clear right to show that she was not met at the station by the sendee, and that it was a very material factor in the case.

The trial court did not err in overruling the motion to exclude plaintiff's evidence that she had paid for the transmission of the message. The only ground assigned is that it "appeared from her answer to the second interrogatory that her knowledge of the payment was hearsay." She testified that the defendant's agent accepted the charge for the message, and does not say who paid the charge, or that any one else told her the charges were paid.

There was no error in permitting the introduction of the message delivered to the sendee. This action is not for a failure to send, but for a failure or delay in the delivery, and the message delivered was properly admitted.—*Collins v. Western Union Co.*, 145 Ala. 412, 41 South. 160.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.