# Western Union Telegraph Co. v. Johnson.

## Delay in Delivery of Message.

(Decided Dec. 21, 1909.   51 South. 230.)

1. *Telegraphs and Telephones; Delay in Delivery; Complaint.*— A complaint for damages for delay in the delivery of a telegraph message should set out the telegram in words or in substance, and failing to do so is subject to demurrer.

2. *Same; Damages; Mental Anguish.*—Evidence in this case examined and held insufficient to show actionable mental anguish for delay in the delivery of a message.

3. *Same; Directing Verdict.*—Where there is some evidence of liability at least for the amount paid for the transmission of the message, the court cannot properly direct a verdict for the defendant in an action for damages for delay in delivering the message.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Robert Johnson against the Western Union Telegraph Company for damages from delay in delivery of a message. Plaintiff had judgment, and defendant appeals. Reversed and remanded.

Count 1 of the complaint, as amended, is as follows: "Plaintiff claims of defendant $2,000 damages, for that heretofore, to wit, on the 24th day of January, 1907, defendant was engaged in the business of receiving at Birmingham, Alabama, and transmitting to Yolande, Alabama, telegraphic messages for hire and reward; that on said day plaintiff delivered to the defendant at said Birmingham a message, addressed to Sallie Johnson, who was plaintiff's wife, at said Yolande, and defendant received said message, and undertook for hire, paid by plaintiff to defendant, to wit, 25 cents, to use due care and diligence to promptly transmit and deliver said message as aforesaid. It became and was the duty of defendant to use due care and diligence to deliver said message as aforesaid; but, notwithstanding said dealings, defendant so negligently conducted itself in that regard that said message was not delivered to said Sallie for a long time, two wit, for two days, and as a proximate consequence thereof plaintiff suffered great mental pain and anxiety, and, and plaintiff's wife did not come to him at said Birmingham for a long time, and plaintiff was put to great trouble, inconvenience, and expense in or about living in said Birmingham without the services and society of his said wife, and in and about maintaining his said wife at said Yolande,

and plaintiff, being sick, was especially worried and caused to suffer mental and physical pain on account of his wife not coming to him, and plaintiff lost the price paid defendant for the transmission and delivery of said message, all as a proximate consequence of the negligence of defendant as aforesaid."

The demurrers, as filed to the amended count, are: "(1) The terms of said alleged message are not disclosed. (2) It is not made to appear what were the terms of the said message with sufficient definiteness and certainty for defendant to take issue thereon"—and others are not necessary to set out.

The following charges were refused to defendant: "(1) If you believe the evidence, you cannot assess any damages for Robert Johnson's mental pain and anguish. (2) You cannot assess any damages in favor of Robert Johnson for any trouble, inconvenience, and expense he may have sustained in or about living in said Birmingham without the services and society of his wife. (3) If you believe the evidence, you are not authorized to assess any damages in favor of Robert Johnson in excess of the amount paid for the message, if anything." "(8) You cannot assess any damages in favor of plaintiff, Robert Johnson, for mental damages, or for trouble, inconvenience, or expense, by reason of the alleged fact that he was sick, and especially worried and caused to suffer mental and physical pain on account of his wife not coming to him."

CAMPBELL & JOHNSON, for appellant.—The court erred in overruling demurrers to the complaint, since the contract was nowhere set out.—*Krichbaum's Case*, 132 Ala. 538. No evidence was shown authorizing damages for mental anguish.—*W. U. T. Co. v. Westmoreland*, 44 South 382; *W. U. T. Co. v. Sledge*, 45 South. The

defendant was entitled to the affirmative charge—
*Blount's Case*, 126 Ala. 105; *Water's Case*, 139 Ala.
656.

BOWMAN, HARSH & BEDDOW, for appellee.—There
was no error in overruling the demurrer to the count as
amended.—*W. U. T. Co. v. Garthright*, 44 South. 212.
The defendant got the full benefit of the evidence just
as certainly and completely as if the message had been
set out in haec verba.—*Smith v. Davis*, 105 Ala.
106; *St. L. & S. F. R. R. Co. v. Douglass*, 152 Ala. 197.
The court did not err in reference to the motion to
strike claim for damages.—*Vandiver & Co. v. Waller*,
143 Ala. 411; *C. of Ga. v. McNabb*, 150 Ala. 338. The
charges were bunched, and hence, the court cannot be
put in error for refusing them.—*Town of Vernon v.
Wedgeworth*, 148 Ala. 490; *Williamson I. Co. v. Mc-
Queen*, 144 Ala. 265. The evidence entitled plaintiff to
damages for mental anguish,—*W. U. T. Co. v. West-
moreland*, 150 Ala. 654; *W. U. T. Co. v. Benson*, 48
South. 712.

SIMPSON, J.—This action was brought by the ap-
pellee against the appellant for damages on account of
delay in delivering a telegram. As originally filed, the
complaint contained two counts, to which demurrers
were sustained, and thereupon the plaintiff amended
the first count, so as to claim 25 cents paid for the
transmission of the telegram, but offered no amend-
ment to the second count; consequently the only count
left before the court was the first count as amended.
The demurrers were refiled to the complaint as amend-
ed; an amendment to the demurrer setting forth addi-
tional grounds having been filed by leave of the court.
Said demurrers were overruled. Said count was sub-

ject to demurrer for not setting out the telegram sent, either in words or in substance; consequently the court erred in overruling the demurrer to said count.

From the bill of exceptions it appears that the plaintiff left Yolande on. Thursday morning, and went to Birmingham; that on Thursday evening he delivered to the office in Birmingham the following·message, to wit: "Mrs. Sallie Johnson, Yolande. Meet me in Birmingham in a. m. sure. (Signed) Robert Johnson." The telegram was not delivered until about 6 o'clock on Saturday evening; the company claiming that it made inquiries for the residence of the sendee, but could not find her, while the evidence for the plaintiff tended to show that she might have been found by the exercise of proper diligence. The sendee went to Birmingham by the first train on Sunday morning, and returned to Yolande with her husband on Monday evening. The plaintiff testified that when he sent the telegram to his wife he was sick; that he was pretty sick, and not able to work, but was able to walk around; that he was "just swelled up at that time," or he "was swoll up." The person at whose house the plaintiff stopped in Birmingham testified that: "He had been lying around. He got up and went down to send the telegram."

There are no facts testified to from which the jury could infer actionable mental anguish. It was not shown that the plaintiff was in such a state of sickness as to need the attention of his wife, and to apply the mental anguish doctrine to such cases would be straining it further than the ends of justice require. From what has been said, it results that the court erred in refusing to give charges 1, 2, 3, and 8; but there was no error in refusing to give the general charge in favor of the defendant, as the jury had evidence before them from which they may have inferred a liability for the

amount of money paid for the telegram.—*Westmore-land Case*, 150 Ala. 654, 43 South. 790.

The judgment is reversed, and the cause is remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur. SAYRE, and EVANS, JJ., concur in conclusion.

*Damages for Delay in Delivery of Message.*

