### Wells Fargo & Co.'s Express v. B. F. Fuller.

#### No. 1212.

**1. Carrier—Delay—Negligence in Selecting Route.**

A finding of negligence in selecting route sustained where an express company, shipping a corpse from Phoenix, Arizona, to Paris, Texas, routed it from El Paso via San Antonio, instead of Fort Worth, resulting in later arrival at destination.

**2. Same—Evidence—Objection by Shipper to Route.**

The shipper was properly permitted to testify that he pointed out on the map to the carrier's agent at Phoenix the route via Fort Worth as the most direct, and that he made objection to the agent at El Paso routing it via San Antonio—the evidence showing knowledge by carrier of shorter route.

**3. Same—Contract—Variance—Choice of Route.**

Though the contract of shipment is silent as to the route, the law, which is a part of the contract, requires the carrier to exercise reasonable care in selecting such route; and recovery upon such contract can be sustained upon a petition charging an undertaking to carry by the more direct route and negligent selection of a longer one.

**4. Damages—Injury to Feelings by Delay in Transporting Corpse.**

A recovery of $2000 for injury to feelings sustained, where a corpse was negligently delayed twenty-seven hours, preventing funeral services at church and necessitating burial at night.

Appeal from District Court of Lamar County. Tried below before Hon. E. D. McClellan.

There was a former trial, appeal and reversal upon an opinion reported in 4 Texas Civ. App., 213.

*Alexander, Clark & Hall,* for appellant.—A bill of lading given by an express company undertaking to forward a corpse from Phoenix, Arizona, to the point nearest destination reached by the company, which was the point of destination, viz: Paris, Texas, subject to the condition that the company should not be liable, except as forwarders, only within their own line of communication, leaves the express company free to choose the route. Such a receipt, or bill of lading, though signed by the express company only, constitutes a contract which cannot be varied by parol evidence attempting to show that the company agreed to transport the shipment over a particular route. Wells Fargo & Co.'s Express v. Fuller, 23 S. W. Rep., 412; Adams v. Hicks, 41 Texas, 239; Arnold v. Jones, 26 Texas, 335; The Delaware, 14 Wall., 579; White v. Ashton, 51 N. Y., 283; Hutch. Carr., 2d cd., secs. 126, 126a, 126b and 127; Porter on Bills of Lad., secs. 64, 65, and cases cited.

A contract, when sued upon by the plaintiff, must be correctly stated, and if the evidence differs from the statement and shows a contract different as to material matters from the one alleged, the variance is fatal. Plaintiff sues upon a contract which is alleged, so far as the route the remains were to be shipped is concerned, as follows: "It was then and there agreed and understood between plaintiff and defendant that the defendant would transport the said body by and over the most direct route, the route as hereinbefore set out and alleged as the most direct route, to-wit: From Phoenix, Arizona, to El Paso, Texas, and from El Paso over the Texas & Pacific Railroad to Fort Worth, Texas; thence over the transcontinental branch of the Texas & Pacific Railroad to Paris, Texas." Gammage v. Alexander, 14 Texas, 414; Espey v. Heidenheimer, 58 Texas, 662; Railway v. Buckelew, 3 Texas Civ. App., 275; Snow v. Railway, 109 Ind., 422.

A contract of a carrier to transport goods, which does not expressly designate the route, gives the carrier the right to fix or select the route. It is, however, the carrier's duty to convey goods by means of a regular, usual and customary route. Where the carrier has its own regular, usual and customary route, extending from the receiving point to the place of destination, it is not guilty of negligence in shipping and transporting over the same when under its contract it has the right, as in this case, to designate the route. Express Co. v. Fuller, 23 S. W. Rep., 412; Hostetter v. Park, 137 U. S., 30; Johnson v. Railway, 17 S. E. Rep., 121; Pitlock v. Express Co., 109 Mass., 452; White v. Ashton, 51 N. Y., 283; Transportation Co. v. Wallace, 68 Pa. St., 302; Hutchinson on Carriers, 2nd ed., secs. 47a, 56b, 126a; 3 Wood's Ry. Law, secs. 424, 444; Angell on Carriers, secs. 126, 179, 226.

When the verdict is excessive the court should set it aside and grant a new trial.

*Dudley & Moore*, for appellee.—Notice to an agent, while acting within the scope of his employment, is notice to his principal. It was competent to show that the express company was informed and knew of the direct and quicker route over the Texas & Pacific railroad; that it was informed of the purpose for which the body was being shipped, how long it had been a corpse, and the object of T. A. Fuller in buying his ticket over the shorter and quicker route, as bearing upon the question of negligence vel non. When a person knows, or has the means of knowing that injury to another will probably result from his acts, proof of such knowledge not only establishes negligence, but increases the effect of it; and facts which were known to him, and which would have influenced an ordinarily prudent person, in his place, to act differently, are admissible as a part of the circumstances to show negligence. Wells Fargo & Co.'s Express v. Fuller, 23 S. W. Rep., 412; Levy case, 59 Texas, 542; Stuart case, 66 Texas, 580. See specially the Edsall case, 74 Texas, 329; Hale v. Eddy, 82 Texas, 33; Pollock on Torts, 356; 16 Am. & Eng. Encycl. Law, 432 and notes and 433 and notes; Railway v. Hall, 66 Fed. Rep., 868. Had the appellant desired the evidence specially limited by the charge of the court, it should have asked a special charge so limiting it. Walker v. Brown, 66 Texas, 556; Railway v. Johnson, 78 Texas, 536; Railway v. George, 85 Texas, 150.

The receipt does not specify any particular route, and the question to be tried was, whether or not, under all the circumstances of the case, it was the duty of appellant to have selected the direct route, over the T. & P. railway instead of the long and circuitous route over the G., H. & S. A. railroad. Appellee alleges more than once, in both original and supplemental petitions, that it was the duty of appellant to have selected the direct route, and that it negligently, wrongfully and willfully took the corpse by the long and circuitous route, causing the damage. We have no forms of action in this State. See the Levy case, 59 Texas, 542; Stuart case, 66 Texas, 580. Appellee pleaded no written contract; variance does not apply. Hill v. Tucker, 1 White & W. C. C., sec. 1224. See also Whitworth v. Alston, 65 Texas, 528. The question can not be raised in this court for the first time. Blum v. Goldman, 66 Texas, 622; Gaines v. Bank, 64 Texas, 18.

The damages can not be held excessive. Railway v. Randall, 50 Texas, 256; Railway v. Jones, 75 Texas, 151; Railway v. O'Donnell, 58 Texas, 42; Railway v. Dorsey, 66 Texas, 148; Galveston v. Posnainsky, 62 Texas, 135; Railway v. Hardin, 62 Texas, 367; Railway v. Silliphant, 70 Texas, 623; Brown v. Sullivan, 71 Texas, 470; Railway v. Johnson, 76 Texas, 436; Tel. Co. v. Cooper, 71 Texas, 508; Tel. Co. v Adams, 75 Texas, 531; Tel. Co. v. Lydon, 82 Texas, 364.

KEY, ASSOCIATE JUSTICE.—*Opinion.*—In September 1889, and for a series of years prior thereto, appellee lived in the town of Paris in Lamar County, Texas.

On the 22nd or 23rd day of said month Dixie Fuller, a grown son of

appellee, died in Phoenix, Arizona.  On the 27th day of same month appellee, by his agent, T. A. Fuller, contracted with appellant for the shipment of the body of Dixie Fuller from Phoenix, Arizona, to Paris, Texas, for a consideration of $91.40 paid in advance.  This contract was reduced to writing in the following form:

"WELLS FARGO & COMPANY'S EXPRESS.

"Read the conditions of this receipt.  Express charges do not include duties nor custom house expenses, which must be guaranteed by shipper.

"PHOENIX, ARIZONA, OFFICE, Sept. 27, 1889.

"Value of $ ...........

"Received from B. F. Fuller, corpse, valued at $ ......, addressed, B. F. Fuller, Paris, Texas, which we undertake to forward to point nearest destination reached by this company, on these conditions, namely:  That Wells Fargo & Company shall not be held liable for loss or damage, except as forwarders only, within their own lines of communication, nor for any loss or damage by fire or casualities by navigation and inland transportation (unless specially insured and so noted herein); nor of such as can be referred to the acts of God, the restraints of government, riot, insurrection, piracy or hazards of war; nor for default, neglect or mishap on the part of any connecting or intermediate line, individual, corporation or association, to whom said property may be transferred for further transmission; nor for an amount exceeding fifty dollars on any shipment, unless its true value is herein stated; nor for any amount on goods not properly packed and addressed; on fragile fabrics, unless plainly marked as such; nor on articles consisting of or contained in glass.  That in respect to C. O. D. goods, if delivery cannot be made in 60 days after consignment, this company may at its option, return the same to consignor, who shall pay transportation thereon both ways, the liability of this company on goods pending such action, and while in its custody, to be that of warehouse men only. And it is further stipulated that Wells Fargo & Company shall not be liable under this contract, for any claim whatsoever, unless presented in writing from 60 days from the date thereof, and that these provisions shall extend to and inure to the benefit of each individual, corporation or association, to whom the above specified property may be transferred and entrusted in order to reach its destination.

"The party accepting this receipt hereby agrees to its conditions.

"Not negotiable.

"Charges paid, $91.40.

"For the Company, G. W. GREENLEAF."

The most direct route from Phoenix, Arizona, to Paris, Texas, was via El Paso and Fort Worth.  Appellant shipped the body via El Paso and San Antonio, Texas, which was appellant's usual route of shipment and was about 600 miles further than by Fort Worth, and deliv-

ered it in Paris about twenty-seven hours later than if it had been shipped by the latter route.

In consequence of this delay there were no funeral services at the church as appellee had expected and desired, the coffin was not opened except to show the face through the glass, and the body was removed from the train to appellee's house, a short funeral service held and the body buried at night, only about twenty-five or thirty persons being present.

Appellee testified that on account of this delay and his inability to ascertain the whereabouts of the body he suffered great distress of mind. On account of the failure to ship the body over the most direct route appellee sued and recovered $2000 damages.

Under the charge of the court the jury could not have rendered the verdict they did without finding that appellant failed to exercise due care and was negligent in the selection of a route by which to ship the body.

There is testimony that will sustain such finding and therefore, and in deference to the verdict, we so find.

The court did not err in permitting T. A. Fuller to testify that he pointed out to appellant's agent at Phoenix on the maps of Arizona and Texas the route via El Paso and Fort Worth as the most direct route, and at El Paso objected to the body being sent via San Antonio and insisted on the agent there sending it via Fort Worth because it was the nearer route, etc. The evidence was admissible to show that appellant had knowledge of the shorter route.

Nor is there any fatal variance between appellee's pleading and his evidence. It is true that the written contract did not in terms require shipment via Fort Worth; nor did it require it to be via San Antonio; but the law, which was part of the contract, required appellant to exercise reasonable care in selecting a route, and the petition charges that such care was not exercised.

The verdict is large; but, as the law of this State allows actual damages to be recovered in such cases as compensation for mental suffering, we do not think this court should hold it to be excessive.

*Affirmed.*

Writ of error refused.

Decided May 20, 1896