# Western Union Tel. Co. *v.* Krichbaum.

### *Damages for Failure to Deliver Telegram.*

(DECIDED MAY 10, 1906. 41 So. REP. 16.)

1. *Telegraphs; Messages; Transmission; Failure to Deliver; Negligence; Evidence.*—Where the undisputed evidence was that defendant kept a book at it's office in B. in which patrons could enter their name and address; that plaintiff's name and address was entered therein at the time of the receipt by defendant of the message directed to plaintiff, and that the message was never delivered, the defendant was guilty of negligence and the plaintiff was entitled to the affirmative charge,

notwithstanding defendant's agent asked the sending office for another address, or better address.

2. *Same; Damages; Mental Suffering.*—When negligence is established on the part of the telegraph company in failing to deliver message, and the proof shows damage to plaintiff's estate to the amount of toll paid for sending the message, plaintiff is entitled to recover for mental suffering.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was an action on the case for failure to deliver a telegram addressed to appellee. The facts are sufficiently stated in the opinion.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—Charges 5 and 6 should have been given. Charge 5 asserts that plaintiff could not recover for mental anguish. Charge 6 asserts a similar proposition upon the hypothesis, that as plaintiff was not entitled to recover nominal damages, he could not recover for mental suffering. The action is in tort by the sendee of the message. A plaintiff is not entitled to nominal damages in an action of negligence upon proof of the negligence alone. Negligence and damage must concur to be actionable.—1 Sher. & Red. Neg. (5th Ed.) §§ 5 and 23; 21 A. & E. Ency. of Law, (2 Ed.) 458; *Blount's case,* 126 Ala. 105.

LANE & WHITE, for appellee.—(No brief came into the hands of the reporter.

McCLELLAN, C. J.—The uncontroverted evidence was that the defendant kept a book in its Birmingham office for the patrons of that office to set down their particular addresses in it, so as to facilitate and insure the delivery of messages to them. It is further shown without conflict that plaintiff's name and address were registered in this book at the time the telegram involved in this case was received at that office for delivery to him. That the telegram was delivered to the defandant at another of its offices by plaintiff's agent, who for plaintiff paid the toll, for transmission to Birmingham and deliv-

ery there to plaintiff, and was in due time transmitted to the Birmingham office, addressed to plaintiff, was also proved beyond dispute. These undisputed facts entitled the plaintiff to the affirmative charge. This is none the less true for the fact—assuming it to be a fact —that after receiving the message the Birmingham office wired the initial office to "get street address," or "get some address," or "get better address," and plaintiff's agent negligently failed upon being apprised by defendant's agent at the forwarding office, to give a better or any other address, and assuming, also, that but for this negligence the message would have been delivered to plaintiff. After this negligent omission of plaintiff's agent, as well as before, the duty of delivery rested on the defendant, and before and after by the exercise of due care and diligence by the defendant's employes at Birmingham the message could and would have been delivered. The transcript does not show that the affirmative charge was given for plaintiff, or even requested by him; and that is immaterial. The plaintiff being thus entitled to the affirmative charge on the undisputed evidence, other rulings bearing upon incidental or collateral matters—as, for instance, the issue whether plaintiff's agent was at fault in not supplying a more particular address, the contention that defendant must be held to have known plaintiff's street address because it had a short time before delivered another message there for him, etc.—must not be reviewed, since, even if erroneous, they did not prejudice the defendant.

We have assumed that recoverable damages were proved on the trial, or, at least, that there was evidence tending to prove such damages. Of course, if there was no such evidence, the general charge should have been given for the defendant, instead of for the plaintiff. But there was such evidence. The complaint claims damages alleged to have been sustained by the plaintiff in mind, body and estate. There is no proof of physical injury. There is proof of mental suffering. And there was proof of loss in estate to the extent of the toll paid for the transmission and delivery of the telegram. In our opinion, this fee was lost to the plaintiff by

[Collins v. Western Union Telegraph Co.]

reason of and in that he was deprived by defendant's wrong of the benefit for which it was paid or, in other words, its loss to him resulted from the wrong of the defendant counted on in the complaint and established by the evidence, and that the amount of this fee is therefore recoverable in this action on the case. Being thus entitled to recover for injury in this way to his estate, plaintiff was also entitled to recover damages for mental suffering; the damages to his estate being a basis for the superimposition of damages for lacerated feelings, of which there was evidence.

The foregoing views cover all the points raised on this appeal, and serve to show the grounds of our conclusion that the circuit court committed no error prejudicial to the defendant.

Affirmed.

PER CURIAM. The foregoing opinion was prepared by the late Chief Justice, and has been examined in connection with the record. It is now approved and adopted as the opinion of the court.

WEAKLEY, C. J., and TYSON, SIMPSON, and ANDERSON, JJ., concur.