# Western Union Telegraph Co., *v.* Long.

*Action for Damages for Failure to Deliver Telegram.*

(Decided ʃuly 6, 1906.   41 So. Rep. 965.)

1. *Telegraphs and Telephones; Failure to Deliver Messages; Damages; Mental Anguish.*—Plaintiff sent his uncle, by marriage, a telegram informing him of the death of his baby; asking him to notify two other persons; stating that he would reach there that night, and requested that he be met with conveyance. The message was not delivered and on arrival, plaintiff found no one to meet or assist him, no arrangements made for funeral, and no one apprised of the death of his child. Held, that although the sendee was not within that degree of kinship that his absence alone furnished right of recovery for mental anguish, yet plaintiff was entitled to recover for the same as proximately resulting from the failure to deliver the message, under the circumstances of this case.

2. *Same; Excessive Damage.*—Under the facts of this case, a verdict for five hundred dollars is not excessive.

3. *Evidence; Admissibility; Uncommunicted Motive.*—The message in question was delivered to sendee's brother and defendant asked why he did not give the telegram to his brother, the sendee. Held, objectionable, as seeking to elicit an uncommunicated motive or reason.

APPEAL from DeKalb Circuit Court.

Heard before Hon. JAMES A. BILBRO.

This was an action for failure to transmit and deliver the telegram set out in the opinion. The assignments of error were as follows: (1) The court erred in overruling demurrers to the sixth count of the complaint. (2) In overruling demurrers to the second count of the complaint. (3) In overruling demurrers to the eighth count. (4) In overruling the objection to the question propounded to the plaintiff on direct examination: "Now how long was it after you arrived at Collinsville before you got the body removed to your uncle's house?" (5) In overruling appellant's objection to the following question asked the plaintiff on his direct examination: "Was there any delay about the burial of your child?" (11) In refusing at the request of the defendant to give written charge 5. (12) In refusing to give written charge 6. (13) In refusing to give written charge 7. (14) In refusing to give written charge 8. (15) in refusing to give written charge 9. (17) In refusing to give written charge 11. (18) In refusing to give written charge 12. The counts on which the case was tried are in the following language: "Count 6. Plaintiff claims of the defendant the sum of $1,999.90 damages for that, at, to-wit, 9 o'clock in the morning, and on, to-wit, the 17th day of November, plaintiff delivered to defendant, which was engaged in the business of transmitting for hire by means of electricity from Birmingham to Collinsville, Ala., telegrams or telegraphic messages, at Birmingham, on a blank furnished by defendant a telegram addressed to Pleas Keener at Collinsville, Ala., paying for the transmission and delivery thereof, the sum of, to-wit, 75 cents. Said defendant received said message and said compensation, agreeing thereby to transmit and deliver the said message to said Pleas Keener, and which said message was in words and figures, except the printed matter thereon which was placed there by defendant, as follows: (Here follows message as set out in the opinion.) And the plaintiff avers that the defendant failed to transmit and deliver said telegram as it undertook to do, and that by reason

of said failure, plaintiff was compelled to receive the body of his child from the carrier which brought it from Birmingham to Collinsville, and deliver it into the hands of strangers while he went in search of in the nighttime, and through the rain the means to convey said body to the house of his relative and friend, the said Pleas Keener; that he was compelled to postpone the burial of his child for a long time, to-wit, one day; that he was deprived in the hour and time of his arrival at Collinsville with the remains of his dead child of the comfort, consolation, and assistance of his near relative and friend, suffering thereby great inconvenience and also great mental pain and anguish for all of which he sues. Count 7. Plaintiff adopts all of the sixth count down to and including the telegram, and adds thereto as follows: Plaintiff avers that defendant failed to deliver said telegram to the said Keener, whereby plaintiff was compelled to receive the body of his dead child, and deliver it into the hands of strangers, while he, in the nighttime and through the rain, went in search of means to remove said body to the residence of his near kinsman, Pleas Keener, causing him to suffer great grief and mental pain and anguish, wherefore he sues. Count 8. Plaintiff adopts all of the sixth count down to and including the telegram, and adds thereto as follows: Plaintiff avers that one of the purposes in view in sending said telegram was to notify the said Pleas Keener, who was a near relative of his and his deceased child of the misfortune which has befallen him, and to secure at the time of his arrival in Collinsville with the body of his said child the comfort, consolation and assistance of said relative, and to secure the means of immediately removing said body to a place where it could be housed and cared for during the night; that said message advised said defendant of this purpose. Plaintiff further avers that the defendant wholly failed to deliver said telegram to said Keener, whereby his purpose was thwarted. He was caused to arrive at Collinsville in the nighttime, and was deprived contrary to his expectations of the presence, comfort, consolation and assistance which would have been rendered, and extended to him by his relative, said Pleas Keener, thereby adding

greatly to the mental pain, affliction, and anguish he was already suffering, hence this suit.

The defendant demurred to the above counts. (1) For that there is a misjoinder of action in said complaint in that plaintiff has joined an action ex contractu with actions ex delicto. (2) For that the seventh and eighth counts of said complaint are actions ex delicto, which are improperly joined with action ex contractu. And to the sixth, seventh, and eighth counts, the defendant assigned separately and severally the following grounds of demurrer: (1) Said count seeks to recover damages for mental pain and anguish, and fails to state facts which would authorize the recovery of damages for such mental pain and anguish. (2) The damages claimed therein and thereby are too remote and speculative. (3) For that the pain or anguish which the plaintiff suffered was caused by the failure of Pleas Keener to meet him at the depot with a conveyance, and the failure of said Keener to so meet him was not the proximate consequences of the failure to deliver the telegram. (4) For that there can be no recovery for mental pain and anguish under said count. (5) It does not appear therefrom that had said telegram been delivered to said Pleas Keener, that he, the said Keener would have met plaintiff at said train with a conveyance. (6) For that the averments of said count are vague, indefinite, and uncertain. (7) For that it does not appear with sufficient certainty what relation the said Keener, and the said Green, and the said Long bore to plaintiff. (8) Said count avers but the conclusions of the pleader. (9) For that it does not appear therefrom that the injury complained of and the damage suffered by plaintiff was the proximate consequence of the negligence alleged. (10) For that it appears therefrom that the damages suffered by plaintiff were not the proximate consequence of the negligence complained of. These demurrers were overruled. The facts of the case are sufficiently set out in the opinion.

The defendant requested the following written charges which were refused: "(5) If you believe the evidence you cannot assess more than nominal damages in favor of plaintiff. (6) I charge you that the plaintiff

in this case can recover only the amount paid by him for the transmission and delivery of the message. (7) I charge you that the plaintiff in this case is not entitled to recover damages for mental pain or anguish which may have been suffered by him. (8) If you believe the evidence you cannot assess any damages in plaintiff's favor on account of mental pain or anguish which you may believe from the evidence was suffered by him. (9) I charge you that you cannot assess in favor of plaintiff any damages for mental pain or anguish suffered by plaintiff for and on account of the failure of Pleas Keener to meet plaintiff at the depot at Collinsville upon the arrival of the train there. (10) I charge you that you cannot assess damages in favor of plaintiff for any mental distress which you may believe plaintiff suffered for and on account of any consolation that the presence of Pleas Keener at the station upon the arrival of the train there may have been to the plaintiff. (11) I charge you that the failure of the sendee of the message Pleas Keener, to meet plaintiff upon the arrival of the train at Collinsville was not the proximate result of the alleged failure to deliver the said telegram to the said Pleas Keener. (12) I charge you that you cannot assess any damages in favor of plaintiff for and on account of any mental distress he may have suffered on account of the fact—if under the evidence you believe it to be a fact —that he had to leave the body of his child in the hands of strangers while he went in search of means to remove the body of the child from the station. (13) I charge you that the delay in the burial of plaintiff's child, if you believe from the evidence that there was a delay in the burial, was not proximately caused by the alleged failure to deliver the telegram to said Keener. (14) I charge you that you cannot assess in favor of plaintiff any damages for mental pain and anguish which you believe were suffered by him for and on account of any delay in the burial of his child, even though you may believe from the evidence that the burial of said child was delayed."

Issue was joined on the plea of the general issue, and there was verdict and judgment for plaintiff in the sum of $500.

GEO. H. FEARONS and CAMPBELL & WALKER, for appellant.—The doctrine of the recovery of damages for mental anguish is not applicable to this case.—*Telegraph Co. v. Bryant,* 46 N. E. Rep. (Ind.) 358; *Telegraph Co. v. Henley,* 54 N. E. 775; *Yazoo Railroad v. Foster,* 23 So. Rep. 581; *Stafford v. Western Union,* 73 Fed. 273; *Telegraph Co. v. Ragland,* 61 S. W. Rep. 421; *Telegraph Co. v. Ayres,* 131 Ala. 394. The court should have given cnarge 10 requested by the defendant.—*Telegraph Co. v. Ayres, supra.* (Counsel discuss other assignments of error but cite no authority.)

HICKMAN & HAMIL, and JOHN P. DAVIS, for appellee. —No brief came to the reporter.

ANDERSON, J.—This was an action brought by the plaintiff Long, for a failure by the defendant to deliver a telegram sent by him as follows, to-wit: "Mr. Pleas Keener, Collinsville, Ala.: My baby is dead, phone Mr. Green, also H. M. Long at Dr. Shermans at Lathamville. I will be at your place tonight, meet us with conveyance. J. W. Long." The case was tried on the sixth, seventh, and eighth counts, resulting in a verdict and judgment for the plaintiff, and from which the defendant prosecutes this appeal.

This court seems to be committed to the doctrine that the sender of a telegram can recover damages for mental anguish suffered, as the proximate consequence of a failure to deliver the message.—*Western Union Tel. Co. v. Henderson,* 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148; *Western Union Tel. Co. v. Ayers,* 131 Ala. 391, 31 South. 78, 90 Am. St. Rep. 92; *Western Union Tel. Co. v. Haley,* 143 Ala. 586, 39 South. 386. We think a perusal of the message in the case at bar, would likely suggest the importance of a delivery, and that mental anguish and suffering would naturally ensue from a nondelivery. In the *Ayers Case, supra,* the court held that the plaintiff was not entitled to recover damages for mental suffering because the sendee was not of the degree of kinship, whose absence deprived the plaintiff of consolation in his hour of grief. There the only mental anguish claimed to have been suffered was the absence

of the brother-in-law, thus depriving the plaintiff of his presence and consolation. The message in the case at bar was sent to an uncle by marriage and who does not come within the degree of kinship whose absence furnished a right to recover for mental anguish. But as we understand the complaint and the proof, the plaintiff grounds his right to recover for mental suffering, not alone upon the fact that the sendee and others were not at the train to extend their condolence, but to aid and assist him with the corpse of his child, and in making the funeral arrangements, etc. Instead of being met at the train with a conveyance and by friends and relatives, and of having his people informed, when he expected to bury his child, he alighted from the train a dreary, cloudy night, with no one to meet him or assist him, and to hear that no one had been apprised of his child's death, and that no arrangements had been made for the funeral the next day. Can it be thought for a moment that this man did not suffer from mental anguish not measurable by dollars and cents, and that said anguish and suffering were not the proximate consequence of a nondelivery of his telegram, and that the very telegram itself was not sufficient to suggest to the defendant the result of a nondelivery? We think not. We do not mean to hold that in all cases and under all conditions the sender can recover for mental suffering, growing out of a failure to meet him at the train, etc. But the telegram in this case contemplated more than the bare presence of the sendee. It called for the arrangements of preliminaries, of a most sacred character.

In the case of *Western Union Tel. Co. v. Carter*, (Tex. Civ. App.) 21 S. W. 688, where a father telegraphed to a friend of the death of his son, and requested him to send a coffin which was not delivered, and the funeral was delayed until the body begun to decompose, the court said: "The doctrine that damages of this character may be considered the natural and direct consequence of a failure to transmit a telegraphic message, such as the one in question, has become so firmly fixed in our jurisprudence, that the action of appellant seems scarcely to be justified in asking us to renounce it." See, also, *Western Union Tel. Co. v. Broesche*, (Tex. Sup.) 10 S.

W. 734, 13 Am. St. Rep. 843. We think the case of
*Western Union Tel. Co. v. Henly,* (Ind. App.) 54 N. E.
775, relied upon by the appellant's counsel is unlike the
case at bar. The telegram in that case did not even re-
quest that the sender be met. It could have been taken
simply as a notice of her expected arrival ,and reads:
"Arrive Baltimore & Potomac, Monday, 1:30, p. m."
There was nothing in this message to indicate that the
sender would suffer mental anguish as the result of the
nondelivery of the message. She was to arrive in broad
daylight, and, as was said by the court: "On its face the
message did not disclose the purpose of the journey, or
indicate the age or condition of the sender or sendee, or
the condition between them or whether the sender was
travelling alone, or with an escort, or others under her
care. It did not purport to be a request for any person
to meet her or provide a conveyance for her. It did not
show that it was sent in response to any message, or sug-
gest the illness of any person or a desire that the coming
of the sendor should be communicated to anybody but
sendee. Under well-settled principles, there was not, we
think, such a consequence of the breach of the contract
that the injury to the appellee could be the measure of
damages, for the reason that such damages cannot rea-
sonably and fairly be considered as arising naturally
from a breach of the contract itself, or as having been in
the contemplation of both parties, when they made the
contract, as the probable result of a breach of it." In
the case at bar the telegram was received by the agent at
Collinsville; it imparted to the company, through him,
the sadness and sacredness of plaintiff's mission. The
agent knew the train would arrive in the night. The
sendee was but a short distance from the office, and
would have had ample time to comply with plaintiff's
request had he gotten the message. And the defendant
must have known that the nondelivery of the message
would result in disappointment and mental anguish to
the plaintiff. What we have heretofore said disposes of
assignments of error numbered 1, 2, 3, 4, 5, 11, 12, 13,
14, 15, 17, and 18.

There was no error in sustaining the objection to the
question to John Keener: 'Why did you not give the tel-

14

egram to your brother?" Of course, the defendant had the right to show efforts to promptly deliver the message, but the question does not seek to bring out what was done but seeks the uncommunicated reason or motive of the witness. There was no error in refusing charge 10 requested by the defendant. The plaintiff was not only deprived of the presence of Pleas Keener, upon his arrival and his consolation as a relative, but he was deprived of his assistance which would have been of some consolation to him at the time. The facts in the *Ayers Case, supra,* are unlike the ones in the case at bar. There the plaintiff was deprived only of such consolation as could be inferred from the absence of his brother-in-law, and from whom he expected nothing except the benefit of his presence. Here, the plaintiff, not only had the right to expect the presence of Keener for the purpose of sharing his grief, but that the assistance to be rendered to him upon the arrival of the train would afford consolation to him under the circumstances. The message clearly indicates that plaintiff was taking his child to Collinsville for burial, and that the failure to deliver it would naturally result in delay, and there was evidence of a delay in the burial ,and the jury could have inferred that the delay was the proximate result of the failure to deliver the telegram. Charges 13 and 14 requested by defendant were properly refused. We do not consider the damage assessed by the jury excessive, and there was no error in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.