# Western Union Tel. Co. v. Crowley.

### Damages for Failure to Deliver Telegram.

(Decided Jan. 18, 1909.  Rehearing denied Feb. 6, 1909.
48 South. 381.)

1. *Pleading; Motion to Strike; Element of Damage.*—As improper elements of damage may be eliminated by objection to evidence or by special charges, the denial of a motion to strike such elements of damage from the complaint is not reviewable upon appeal.

2. *Telegraphs and Telephones; Failure to Transmit; Burdens.*—The burden is on plaintiff to show that the defendant could have delivered the message to the addresse if there had been a transmission and an attempt to deliver.

3. *Same; Message; Delivery.*—Where plaintiff resided near defendant's office and had received a message sent the night before warning her to expect the one here sent, but not transmitted, relating to the death of her grandchild, the jury was warranted in inferring that the message could have been delivered to her if it had been transmitted.

4. *Same; Damages.*—Where the telegram requested the preparation of a grave for plaintiff's child, and when taken in connection with the prior message, disclosed prima facie the importance of an immediate delivery; but was not transmitted from the sending office until it was called for by the receiving office on the succeeding day, and the wires were open to transmission of messages for more than three hours after it was delivered to it, and as a result, when plaintiff arrived with the body of his child, and was not met by his relatives, and no preparation had been made for his funeral, such negligence was shown as warranted a recovery of punitive damages.

5. *Same; Mental Anguish.*—Where the telegram informed relatives of the death of a child with a request to make the funeral arrangements and as a consequence of its non transmission, no relatives or friends met the party and the body, and no arrangements had been made for the funeral, the plaintiff was entitled to recover for mental suffering incident thereto.

6. *Appeal and Error; Harmless Error.*—Where the jury found for plaintiff, the refusal of the general charge in plaintiff's favor and the refusal of other charges seeking to fasten a liability on defendant, regardless of the condition of its wires, was without prejudice to the plaintiff.

7. *Costs; Appeal; Cross Assignment of Error.*—Where plaintiff files only a consent assignment of errors on defendant's appeal, and took no separate appeal, plaintiff is entitled to costs on the affirmance of the judgment. (S. C. Rule 3.)

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by E. L. Crowley against Western Union Telegraph Co., for damages for failure to deliver Telegram. Judgment for plaintiff and defendant appeals. Affirmed.

The telegram was in words and figures as follows: "Birmingham, Ala.. June 2, 1906. To Mrs. W. A. Johnson, c/o Shepherd Bros., Berry, Ala. Coming to-day will bury Freeman cemetery in the morning, dig vault two feet wide, three feet long, select location. E. L. Crowley." It seems from the evidence that on the evening of June 1st a message was sent by the same party to Mrs. Johnson, stating that the baby was dead and that there would be a later wire, and that the second telegram was the later wire referred to, which it seems was not transmitted, and when Crowley arrived with his dead child no one was at the station to meet him and the funeral arrangements had not been made. The other facts sufficiently appear in the opinion of the court.

The following charges were refused to the defendant: "(5) I charge you that the alleged absence of funeral arrangements on plaintiff's arrival cannot be made the basis of any assessment of damages for mental pain and anguish alleged to be suffered by plaintiff." "(8) I charge you that plaintiff can recover no damages for the alleged fact that he was deprived, at the time of his arrival at Berry, with remains of his child, of the com-

fort, consolation, and assistance of his near relatives and friends." "(12) I charge you that plaintiff is entitled to recover nothing whatever for the mental pain and anguish that every person suffers at the death of his child, as such suffering is caused by the act of the Almighty, for which the defendant is in no wise responsible; and it would be highly improper for you to assess damages against this defendant for the suffering caused plaintiff by the death of his child. (13) I charge you that under the evidence in this case, if you believe the same, you cannot award any damages to plaintiff for pain, anguish, distress, or humiliation. (14) I charge you that there is no evidence here that plaintiff suffered mental pain and anguish by reason of the alleged negligence of the defendant. (15) I charge you that there is no evidence before you that any other or different reception would have been accorded the plaintiff if the telegram had been delivered before the arrival of the train, and you cannot, therefore, assess any damages for the alleged failure of plaintiff's near relatives and friends to meet him at the train. (16) I charge you that the only damages for mental suffering which were within the contemplation of the parties, and allowable in this case, are those arising out of the reference in the telegram to the digging of the grave and the interment of plaintiff's child; and if these preparations could have been reasonably carried out by those at Berry as well after the plaintiff's arrival as before, you cannot award any damages for mental suffering. (17) I charge you that you cannot assess any damages against defendant for mental pain and suffering on part of plaintiff. (18) I charge you that there is no evidence in this case on which you are authorized to base a recovery for mental pain and anguish. (19) I charge you that you can assess no

damages whatever against defendant by way of punitive damages." "(23) I charge you that you can assess no damages on account of the fact that the grave for plaintiff's child was not dug when the train arrived."

There was a jury trial, and verdict for plaintiff in the sum of $100.

CAMPBELL & JOHNSON, for appellant. We do not understand that by allowing mental damages in certain cases that the court has intended to allow a recovery for mere vexation or annoyance or humiliation.— W. U. T. Co. v. Westmoreland, 44 South. 382; 67 Cent. L. J. 285; W. U. T. Co. v. Co. v. Long, 148 Ala. 202. The burden was on the plaintiff to show that the message could and would have been delivered to the sendee by reasonable diligence and that the sendee could have responded.—W. U. T. Co. v. McMorris, 48 South. 349. Punitive damages were not recoverable.—W. U. T. Co. v. Westmoreland, 44 South. 381.

ESTES, JONES & WELCH, for appellee. The damages sought to be stricken from the complaint on motion and the demurrer raising the same question were properly denied.—W. U. T. Co. v. Long, 41 South. 965. The extrinsic evidence offered showed the importance of the message.—W. U. T. Co. v. Crumpton, 36 South. 517; 27 A. & E Ency of Law, 1064. The general charge for plaintiff should have been given, since under the proof plaintiff is entitled to recover the amount of the message.— W. U. T. Co. v. Haley, 39 South. 386.

ANDERSON, J.—The motion of the defendant to strike certain parts of the complaint as elements of damage is not revisable upon appeal, since the same can be eliminated, if not recoverable, by objection to the evidence or special charge.—Woodstock Co. v. Stockdale. 143 Ala. 550, 39 South. 335, and cases there cited.

It is true the plaintiff had to show that the defendant could have delivered the message to the sendee, and it is insisted by counsel that there was no proof that Mrs. Johnson was at her home between the delivery of the telegram to the defendant at Birmingham and the arrival of the plaintiff at Berry. But we think the jury could have inferred from the evidence that the sendee would have been found, had there been a transmission and an attempt to deliver. Her house was very near the defendant's office, and she received the message sent the night before, wherein she was warned to expect the one in question. She was the grandmother of the dead child, and knew that it would be buried at Berry; and it would be rather a violent presumption to "presume" that she left her home town during this interval under the peculiar circumstances. These facts were not shown in the *McMorris Case, supra,* 503, 48 South. 349, and it is therefore distinguishable from the case at bar.

The trial court did not err in refusing the general charge requested by the defendant. The jury was authorized to infer, from the plaintiff's evidence, that the failure to transmit the message until it was called for by the operator at Berry the next day was so grossly negligent as to evince an utter disregard of the feelings and rights of the plaintiff.—*Western Union Tel. Co. v. Cunningham,* 99 Ala. 314, 14 South. 579; *Western Union Tel. Co. v. Seed,* 115 Ala. 676, 22 South. 474. The message upon its face suggested the importance of a delivery before the plaintiff's arrival that afternoon, and especially was such the case when taken in connection with the one transmitted the night before. There was also evidence that the wires were in order, and yet no transmission of the message for over 24 hours after its delivery, and then only after it was called for by the operator at the other end of the line. The defendant attempted

to excuse the falure by showing that its line was out of fix; but this was a question for the jury, as Collins testified that the wires were in order. Moreover, the defendant's evidence shows that its own local wire was open from 8 a. m., to 11:8 a. m., more than three hours from the delivery of the message at 8:06 a. m.

. The case of *Western Union Tel. Co. v. Westmoreland*, 151 Ala. 319, 44 South. 382, dealt with a social message and expressly states that it was not shown that the delay arose from any willful or malicious act, and in discussing the character of cases which would not support punitive damages expressly differentiated the *Seed Case* therefrom. The facts in the case at bar are perhaps stronger in support of punitive damages than those in the *Seed Case*, in so far as the misconduct of defendant's servants is concerned. There the defendant made a partial attempt, in that the message was transmitted to Mobile, and the misconduct consisted in a mere failure to deliver. Here there was evidence from which the jury could infer that the defendant's servants held the message in the sending office for more than 24 hours without the slightest effort to transmit same, notwithstanding the wires were open all the time according to plaintiff's theory, and for over three hours according to the defendant's evidence.

The trial court did not err in refusing charge 19, requested by the defendant. The telegram notified the sendee when to expect the plaintiff with the remains of his child, and imported upon its face that it was for the purpose of having the funeral arrangements made before his arrival, and it cannot be said that he did not suffer mental anguish when he reached Berry and learned that no arrangements had been made and that none of his friends or relatives met him at the depot. It is true there was no direct proof that the grave would have been

dug, or his friends and relatives would have met him; but the jury could easily infer that such would have been the case, had the telegram been delivered.  The sendee was the grandmother of the dead child, and it is not a violent presumption to infer that she and others in the village where the plaintiff and his wife's family resided would have made all arrangements for the burial and met them upon their arrival, and by their sympathy and assistance alleviated to some extent the anguish and pain incident to their sad journey.—*Western Union Tel. Co. v. Long,* 148 Ala. 202, 41 South. 965.

The trial court did not err in refusing charges 5, 8, 12, 13, 14, 15, 16, 17, 18, and 19, resuested by the defendant.

Affirmed.

The only errors assigned by the appellee on the cross-assignment, as provided by rule 3, relate to charges refused the plaintiff.  They embrace the general charge, and all the others sought to fasten a liability on the defendant, regardless of the condition of its wires, and, as the jury found for the plaintiff, the refusal of these charges was of no detriment to him. The judgment of the city court is therefore affirmed in all respects, and the defendant in the court below is taxed with all the costs, as there was no separate appeal by the plaintiff, but a mere consent assignment of errors on the defendant's appeal under rule 3.

Affirmed

DOWDELL, DENSON, and MCCLELLAN, JJ., concur.