# Birmingham Transfer & Traffic Co. v. Still.

*Damages for Improperly Transporting Corpse.*

(Decided February 4, 1913. Rehearing denied April 8, 1913. 61 South. 611.)

1. *Appeal and Error; Harmless Error; Pleading.*—It is not error to reversal for the court to decline to grant a motion to strike from the complaint damages claimed, although the motion be well grounded.

2. *Pleading; Improper Claim for Damages; Method of Raising.*— The proper way to raise the question of improper damages claimed

[Birmingham Transfer & Traffic Co. v. Still.]

in the complaint, is not by demurrer, but by motion to strike or objection to evidence, and written instructions.

3. *Actions; Recovery of Damages.*—One may recover in one action all damages resulting from a breach of duty growing out of a contract.

4. *Damages; Mental Anguish; Other Actual Damages.*—Where the body was hauled on a dray in the same manner as and with ordinary baggage, a father who contracts and pays for having the body of his child taken in a suitable and befitting manner from one station to another, has a right to recover at least a part of the sum paid, where the charge was greater than that for ordinary baggage, and hence, may recover for mental suffering in connection therewith.

5. *Dead Bodies; Improper Treatment; Mental Anguish.*—A father has a right to the custody of the body of his dead child to bury it, and a right to recover for mental suffering, for improper treatment of it, where he contracts to have it taken from one station to another in a suitable manner, and it is hauled on a dray with trunks, some of them over it, and the persons in charge sitting on it, although the body is not mutilated or otherwise injured.

6. *Carriers; Contracts; Services; Evidence.*—Where the usual charge for ordinary baggage is 25 cents, and the transfer company contracted to carry the coffined body of a small child from one station to another, charging therefor $2.50, the difference is sufficient as evidence that the parties contemplated a different service than that given; the body having been carried on a dray with ordinary baggage, some of which was on the coffin, and the parties in charge sitting thereon.

7. *Same; Breach of Duty; Exemplary Damages.*—Where the defendant contracted to carry the coffined body of a small child from one station to another, charging therefor a sum greatly in excess of the usual charge for carrying ordinary baggage, and hauled the body on a dray with trunks, some of which were piled on the coffin with the persons in charge sitting on them, the jury were warranted in finding wanton or willful disregard of plaintiff's rights, authorizing the imposition of exemplary damages.

8. *Same; Reasonable Charge; Evidence.*—Where the body was taken in the ordinary mode of transporting baggage, on a dray mingled with trunks, for which service the defendant charged plaintiff $2.50, the plaintiff suing the defendant for a breach of its duty under its contract of carriage could properly introduce a city ordinance fixing the price for hauling a trunk between said points at 25 cents, as affording a basis for arriving at the fair and reasonable charge for carrying the body.

APPEAL from Birmingham City Court.

Heard before Hon. ROBERT N. BELL.

Action by J. H. Still against the Birmingham Transfer & Traffic Company, for damages growing out of a breach of contract to transport the body of his child

[Birmingham Transfer & Traffic Co. v. Still.]

from one station to another.  Judgment for plaintiff and defendant appeals.  Affirmed.

J. T. STOKELY, for appellant.  The fact that a charge for services rendered was greatly in excess of the usual charge would not give the plaintiff the right to recover any part of the money he paid for such service.—*Judge v. Wilkins,* 19 Ala. 765; *Maull v. Vaughan,* 45 Ala. 134; *Wood v. Craft,* 85 Ala. 260.  Therefore, plaintiff was without right to recover damages for mental anguish, and the motion to strike such claim from the complaint should have been granted.—*Blount v. W. U. T. Co.,* 106 Ala. 155; *W. U. T. Co. v. Blocker,* 138 Ala. 485; *W. U. T. Co. v. Waters,* 139 Ala. 652.  There are no property rights in a dead body, and hence, defendant was not subject to an action of law as here attempted.—*Bessemer L. & I. Co. v. Jenkins,* 111 Ala. 135; *Long v. C. R. I. & P. Co.,* 82 Pac. 289; see also 74 S. W. 222; 114 N. W. 353; L. R. A. 475.  Punitive damages could not be recovered.—*Bir. W. W. Co. v. Ferguson,* 51 South. 150; *Goins v. Wes. Ry.,* 68 Ga. 190; 75 Am. Dec. 628; 24 S. W. 1125; 25 Ark. 570; 26 Ill. App. 502; 46 S. W. 209; 13 Cyc. 113.  The court erred in admitting the ordinance showing the charge fixed for the carriage of trunks and ordinary baggage from one point to the other.

HARSH, BEDDOW & FITTS, for appellee.  Even if the motion to strike was well grounded, its refusal does not constitute reversible error.—*C. of Ga. v. McNabb,* 150 Ala. 332; *So. Ry. v. Coleman,* 153 Ala. 266.  The question of right of recovery of damages for mental anguish in the case here presented has been settled against appellant's contention.—*W. U. T. Co. v. Merrill,* 144 Ala. 618; *Same v. Krichbaum,* 145 Ala. 409; *Same v. Long,* 148 Ala. 202; *Same v. Westmoreland,* 150 Ala. 654;

[Birmingham Transfer & Traffic Co. v. Still.]

*Postal T. Co. v. Beall,* 159 Ala. 249. There are certain rights attaching to a dead body which the law will protect, such as the right to care for it, watch over it and bury it.—2 Black. 429; 4 Id. 235; 3 A. & E. Enc. of Law, 51; 149 S. W. 849; 2 Den. C. C. 325; 8 A. & E. Enc. of Law, 839; 12 L. R. A. (N. S.) 534. Under these authorities plaintiff was entitled to damages for mental suffering.—*W. U. T. Co. v. Long, supra; W. U. T. Co. v. McMorris,* 48 South. 350; *Same v. Crowley,* 48 South. 381. Punitive damages were allowable as the evidence supported a finding of wanton or willful neglect of duty.—*W. U. T. Co. v. Crowley, supra; Same v. Stokes,* 54 South. 181; *Same v. Seed,* 115 Ala. 674; *Same v. Cunningham,* 99 Ala. 314. It was incumbent on plaintiff to lay all his damages in one action.—*Bir. So. v. Lintner,* 141 Ala. 428; *B. R., L. & P. Co. v. Norris,* 2 Ala. App. 618, and the telegraph cases cited above.

PELHAM, J.—This is an action brought by the appellee, as plaintiff, in the court below against the appellant for damages growing out of the alleged breach of a duty resting upon a contract entered into by appellant, who was engaged in the transfer business in the city of Birmingham, Ala., to carry the small coffined corpse of the appellee's minor child in a suitable and befitting manner from the Terminal passenger station in the city of Birmingham to the Louisville & Nashville Railroad passenger station in said city.

The appellee arrived at said Terminal station, accompanied by a friend, en route to Cullman, Ala., to which place he was carrying the corpse of his child for burial. It was necessary, in order to complete the journey after arriving in Birmingham, to have the corpse carried across the city to the said Louisville & Nashville Railroad station, a distance of six or seven blocks, and the

appellee contracted with the appellant to perform this service, paying the price ($2.50) fixed by the appellant, and stated by its agent to be the customary charge for such a service.

The corpse was transferred from the one station to the other in the city by putting the coffin containing the corpse on an ordinary one-horse dray used by the appellant in connection with its regular business in hauling baggage, and carrying it with some seven or eight trunks that were also on the dray, which was driven by and in the charge of a negro driver and a negro helper. The coffin weighed, with is contents, about 75 or 80 pounds; the corpse being that of a small girl about 2½ years old. When the negroes in charge of the dray drove up to the Louisville & Nashville Railroad station, where the father and his friend were awaiting its arrival, the coffin was piled in with the trunks, some of the trunks being over the coffin, and the negro men in charge were sitting on the trunks.

In each count of the complaint the plaintiff seeks to recover a portion of the sum paid the defendant for carriage, and damages for mental pain and suffering, and also exemplary or punitive damages. The defendant moved to strike from each count of the complaint the claim for pecuniary loss, being the amount claimed as part of the consideration paid the defendant for the services to be performed that were not performed, or were improperly performed. The action of the court in denying these motions, even if they were properly grounded, would not authorize a reversal of the case.— *C. of Ga. Ry. Co. v. McNab,* 150 Ala. 332, 43 South. 222; *Southern Ry. Co. v. Coleman,* 153 Ala. 166, 44 South. 837. The appellant, however, raised the same question by special charges directed at the plaintiff's right to recover such damages, and this method of raising the

[Birmingham Transfer & Traffic Co. v. Still.]

question properly presents it for consideration on review.

If the defendant charged the plaintiff an unreasonable amount for the service rendered, or rather did not render the kind of service contracted for, the plaintiff would have a cause of action to recover the amount exacted in excess of a proper and reasonable charge; and if the plaintiff suffered recoverable damages for a breach of duty growing out of the same contract, and as a proximate consequence, entitling him to recover for mental pain and suffering, there is no rule of law that would prevent him from recovering for all of the damages in one action. "One who is entitled to sue at all for the consequences of a wrongful act of another may recover all the damages proximately resulting from that act.—*Birmingham Southern Ry. Co. v. Lintner*, 141 Ala. 420, 38 South. 369, 109 Am. St. Rep. 40, 3 Ann. Cas. 461;" *B. R., L. & P. Co. v. Norris*, 2 Ala. App. 610, 618, 56 South. 739. The same principle has often been applied to suits against telegraph companies for damages resulting from a failure to deliver telegrams.—*W. U. Telegraph Co. v. Krichbaum*, 145 Ala. 409, 41 South. 16; *W. U. Telegraph Co. v. Merrill*, 144 Ala. 618, 39 South. 121, 113 Am. St. Rep. 66; *W. U. Telegraph Co. v. Long*, 148 Ala. 202, 41 South. 965; *W. U. Telegraph Co. v. Westmoreland*, 150 Ala. 654, 43 South. 790; *Postal Telegraph & Cable Co. v. Beal*, 159 Ala. 249, 48 South. 676.

The appellant, by appropriate methods, challenged the plaintiff's right to recover damages for mental pain and suffering, and makes the adverse rulings of the trial court against the appellant on this proposition the basis of several assignments of error. The cases cited by appellant in which our Supreme Court has held that a plaintiff could not recover for mental pain and suffer-

ing alone, without having a right to recover some actual or substantial damages aside from such injuries, are not in the way of plaintiff's right to recover for mental suffering in this case; for the contract, on its face, carried with it the necessary implication that the defendant, for the consideration paid, would carry the corpse in suitable and befitting manner, and its wrongful act in failing in this and hauling it on a dray in the same manner as ordinary baggage furnished the plaintiff with a cause of action for actual damages, aside from damages for mental suffering, for at least a part of the sum exacted for a different service.

The further insistence is made that damages for mental pain and suffering are not recoverable in a case of this nature, and that the improper and wrongful treatment of a dead body, when there is no mutilation or physical injury to the corpse, cannot be made the subject-matter or basis of a recovery of damages for mental pain and suffering by the next of kin, although it is conceded that the next of kin have the right to the custody of the body for the purposes of burial. We cannot subscribe to such a proposition. The right of a father to care for, watch over, and bury, the dead body of his minor child has always been recognized and protected by the law (see 3 Am. & Eng. Ency. Law [1st Ed.] p. 51, note 4); and wherever a legal right is violated or trespassed upon in this connection a real remedy is afforded by the law.—*Larson v. Chase,* 47 Minn. 407, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370.

In this case the evidence shows that the father was taking the corpse of his 2½ year old daughter to its earthly resting place, and contracted with the defendant to carry it from one station to another through the streets of the city of Birmingham in a suitable and befitting manner, with due regard to the feelings and

sensibilities of a parent thus situated. That this dis-
tance was but six or seven blocks, and that a price of
$2.50 was exacted and paid for the service, and that the
charge for carrying a trunk or other ordinary article of
baggage of the same bulk and weight between these two
points was 25 cents, were facts sufficient, in themselves,
to show that the parties contemplated a different ser-
vice from that given, which was shown by practically
the uncontroverted evidence to be that the corpse was
carried in a way naturally calculated to wound the feel-
ings of the afflicted father, and in the same manner as
a trunk or other ordinary piece of baggage would be
hauled through the streets; that is, on a dray mingled
together with several trunks, on which two negro men
in sole charge were sitting.

As was appositely said by the court in the opinion
rendered in the recent case of *Douglas v. Stokes,* 149
Ky. 506, 509, 149 S. W. 849, 850: "The most tender
affections of the human heart cluster about the body
of one's dead child. A man may recover for any injury
or indignity done the body, and it would be a reproach
to the law if physical injuries might be recovered for,
and not those incorporeal injuries which would cause
much greater suffering and humiliation." In this case
the Court of Appeals of Kentucky held that the parent
had a right to recover damages for mental pain and
suffering occasioned by the unauthorized use of a nude
photograph of plaintiff's deformed minor children, as it
constituted a violation of the parent's right of privacy
of the bodies of his dead children.

Although, strictly speaking, there is no right of prop-
erty in a dead body, the right of a parent, who has the
custody of the remains of his dead child for burial, to
recover for the injury to his feelings by any indignity
purposely or wrongfully perpetrated upon the corpse of

the child has been directly or by proper analogy recognized in many well-considered cases.—*Wright v. Hollywood Cemetery Co.,* 112 Ga. 884, 38 S. E. 94, 52 L. R. A. 621; *Renihan v. Wright,* 125 Ind. 536, 25 N. T. 822, 9 L. R. A. 514, 21 Am. St. Rep. 249; *Dunn v. Smith* (Tex. Civ. App.) 74 S. W. 576; *Meagher v. Driscoll,* 99 Mass. 281, 96 Am. Dec. 759; *Fillebrown v. Hoar,* 124 Mass. 585; *Larson v. Chase,* 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370; *Jacobus v. Congregation of, etc.,* 107 Ga. 518, 33 S. E. 853, 73 Am. St. Rep. 141; *L. & N. R. R. Co. v. Hull,* 113 Ky. 561, 68 S. W. 433, 57 L. R. A. 771; *Pierce v. Swan Point Cemt. Proprietors,* 10 R. I. 227, 14 Am. Rep. 667; *Wright v. Beardsley,* 46 Wash. 16, 89 Pac. 172; *Wells Fargo Co. v. Fuller,* 13 Tex. Civ. App. 610, 35 S. W. 824; *Mo., K. & T. R. Co. v. Linton* (Tex. Civ. App.) 109 S. W. 942; *Burney v. Children's Hospital,* 169 Mass. 57, 47 N. E. 401, 38 L. R. A. 413, 61 Am. St. Rep. 273; *Foley v. Phelps,* 1 App. Div. 551, 37 N. Y. Supp. 471.

And in an action of quare clausum fregit to recover damages for the unlawful disturbance of the body of a child, our Supreme Court has held that the parent can recover damages for injury to the feelings occasioned thereby.—*Bessemer Land & Improvement Co. v. Jenkins,* 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26.

This doctrine is also adhered to in the telegraph company cases allowing a recovery for mental anguish occasioned by failure to deliver messages in case of death and the disposition of the remains of the decendent. See, also, *L. & N. R. R. Co. v. Hull,* 113 Ky. 561, 68 S. W. 433, 57 L. R. A. 771, analyzing this right of recovery as applied and reconciled in the two classes of cases, and the principal upon which it is based as upheld and followed by the states of Kentucky, Texas, Alabama, Indiana, Iowa, North Carolina, and Tennessee. In this

connection note the holding of our Supreme Court in the case of *W. U. Telegraph Co. v. Long,* 148 Ala. 203, 41 South. 965, where a recovery for mental anguish of the father was allowed and sustained because, on account of the failure to deliver a telegram, the burial of the corpse of his child was delayed, and the remains left with strangers during the delay.

It is further contended by the appellant that the trial court was in error in refusing to instruct the jury that there could be no recovery for punitive or exemplary damages. "The kind of wrongs to which exemplary damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression, and are not merely injuries, but injuries inflicted in the spirit of wanton disregard."—13 Cyc. 105.

We do not think it could be seriously disputed that for the defendant to carry the corpse in the manner shown by the evidence in this case an inference was not afforded from which the jury might reasonably find that it was an act done in a spirit of wanton disregard of the natural feelings and sensibilities of the afflicted father. The breach of the contract declared upon involves a tort, and as the complaint counts upon a breach of this duty growing out of the contract, and not simply the failure to comply with the contract, dissociated with such duty, as a basis for the recovery of exemplary damages, there can be no question of the plaintiff's right to recover such damages in this action, if the proof is such as to support the allegations of the complaint, alleging the wanton and willful violation of the plaintiff's right to have the corpse of his child carried in decent and becoming manner.

A recovery of exemplary damages was held to be authorized under somewhat similar conditions, where

damages were allowed for injury to the feelings in connection with an interference with dead bodies, in the following cases hereinbefore cited: *Wright v. Hollywood Co.; Jacobus v. Congregation of, etc.; Meagher v. Driscoll;* and *Burney v. Children's Hospital.* See, also, *W. U. Telegraph Co. v. Stokes,* 171 Ala. 168, 54 South. 181; *W. U. Telegraph Co. v. Crowley,* 158 Ala. 583, 48 South. 381; *W. U. Telegraph Co. v. Seed,* 115 Ala. 670, 22 South. 474; *W. U. Telegraph Co. v. Cunningham,* 99 Ala. 314, 14 South. 579.

In the case of *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003, 49 L. R. A. 475, 80 Am. St. Rep. 1, cited by appellant, it was held that exemplary damages might be recovered for depriving the plaintiff of the use of a hearse and stopping it as he was burying the body of the child, although it was held in that case that as there was no actual damage or physical injury there could be no recovery for mental suffering.

The city ordinance fixing the price for the drayage of baggage, etc., was properly admitted in evidence. If not admissible for any other purpose, it was relevant for the purpose of affording a basis for the jury to arrive at the fair and reasonable charge to be made for the carriage of packages of the same weight as the coffined corpse, when carried in the ordinary mode of transporting articles of baggage. The court correctly limited the effect of this evidence, and charged the jury that it was not to be taken as prescribing or fixing the price that the defendant would be allowed to charge for the proper transporting or carriage of a corpse.

We have discussed all the questions argued by counsel as constituting reversible error as presented by the record in this case, and the conclusion reached, as will be seen from what we have said, is that the rulings of

the trial court are free from error, and an affirmance of the case necessarily follows.

Affirmed.