CASE 78—PETITION ORDINARY—JUNE 20.

## Hook, &c., v. Joyce.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. AN EASEMENT MAY BE ACQUIRED AND PERFECTED BY PRESCRIPTION SO AS TO PASS BY DESCENT to heirs at law; and whether acquired by deed or by possession, may be lost by entry and continuous adverse possession for the statutory period of fifteen years by even a tort-feasor.

2. ADVERSE POSSESSION OF EASEMENT OF BURIAL.—Burial of the dead body in a cemetery lot is the only possession, when claimed and known, necessary to ultimately create complete ownership of the easement so as to render it inheritable; and as long as gravestones stand, marking the place as burial-ground, the possession is actual, adverse and notorious. Nor can there be an actual adverse possession by an intruder, nor running of the statute of limitations in his favor, while such gravestones stand there, indicating by inscription the previous burial of another.

    In this action, by which appellee seeks as heir-at-law to recover of appellant a cemetery lot, in which the bodies of his parents are buried, the title to which is in the city, and in which no more than an easement could at any time exist, the instructions to the jury were as favorable to the appellant as he was entitled to ask.

GILBERT & KOHN FOR APPELLANTS.

Brief withdrawn.

Hook, &c., v. Joyce.

SAM HOUSTON FOR APPELLEE.

1. The tombstones caused to be set up on the lot in controversy by Mrs. Joyce, the inscriptions on them, the acts performed, and the declarations accompanying her possession, made by her, are original evidence. (1 Greenleaf on Evidence, sections 105-109.)

2. From use of the lot for twenty years unexplained, it will be presumed to be under claim of right, and adverse. (Miller v. Garlock, 8 Barb., 153; Richard v. Williams, 7 Wheat., 59; Colvin v. Burnett, 17 Wend., 564; School District v. Lynch, 38 Conn., 334; Cheever v. Parsons, 16 Pick., 272; Parker v. Foote, 19 Wend., 309.)

3. The tombstones standing upright on this part of the lot with inscriptions to the memory of the Joyces upon them was notice to Hook and all the world that members of the Joyce family were buried there, and that they were in actual possession of, and claiming said piece of ground, and their possession was adverse to all the world, so far as the exclusive right of burial was concerned. (Gay v. Baker, 17 Mass., 435; s. c, 9, Am. Dec., 160.)

4. An intention to abandon, coupled with acts of abandonment, is necessary to constitute abandonment. (Stokes v. Singer, 8 Ellis & B., 31, 39; Cook v. Mayor, &c., L. R., 6 Eq. Cas., 177; Hale v. Oldroyd 14 Mees. & W., 789.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is in the nature of an action of ejectment brought by appellee to recover of appellant a cemetery lot, and upon the trial the court gave the following instructions :

1. "The court instructs the jury that the parcel of land in contest is a cemetery lot for burial purposes, within the cemetery ground of the city of Paducah, which was purchased by it and laid out into cemetery lots in 1847, and the lot in contest was conveyed by the city to the defendant W. H. Hook, in 1881, by the deed from it to him exhibited in evidence, and under this deed the defendant became the owner of same, and plaintiff can not recover, and they will find for defendant, unless they should believe from the evidence that the plaintiff, M. W. Joyce,

is the son of Lucinda Joyce, and that plaintiff and
Lucinda Joyce, under whom he claims, at any time
prior to possession of the defendant Hook, had held
the actual adverse possession of the lot in contest
continuously, claiming to own same adversely to all
the world, against all persons for fifteen years. In
which event, he is the owner of the land or lot, and
entitled to recover it, and they will find for him
unless the jury should further believe from the evi-
dence that defendant Hook thereafter had held the
actual adverse possession of the lot continuously,
claiming it as his own adversely to all the world
and against all persons, for fifteen years before this
action was brought. In which latter event also they
will find for defendant. And if they find for plaint-
iff Joyce they will find for him the lot in contest,
and assess the damages at whatever sum they may
believe from the evidence he has sustained by reason
of the removal of the tombstones and the desecra-
tion of the graves of his ancestors, not exceeding
one hundred dollars.

2. "The court instructs the jury that the deposit
of the dead in the grave in burial gives the heir no
interest in the soil; and to constitute adverse pos-
session of a cemetery lot, the possession must have
been with acts of ownership by the claimant in the
preservation and use of the grounds for burial pur-
poses, and under a claim of right as owner openly
and notoriously against all the world and all per-
sons."

. The legal title of the tract of land within boundary
of which the lot in dispute is situated having been

in Clark when appellee's father was buried there, and conveyed to the city of Paducah at the time his brother was buried, and the gravestones were put there by his mother, no more than an easement in the lot could at any time exist. But such easement, as well as title to the soil, may be acquired and perfected by prescription, the right to which can not be defeated even by the owner of the soil, but will, by descent, pass to heirs-at-law. In this case it appears appellee is the only living child and heir-at-law of Lucinda Joyce, who, after death of her husband, followed by that of a son, caused tombstones to be placed at their graves, the lot to be inclosed and otherwise cared for, and was afterwards herself buried there. The court, therefore, correctly instructed the jury that actual adverse possession of the lot by Lucinda Joyce and plaintiff for fifteen years before entry of appellant gave to them indisputable right to the easement; and the rights of appellant were, at the same time, described and protected by the further instruction to the jury to find for him in case he had acquired and held adversely the lot continuously fifteen years next before commencement of the action; for, like the fee-simple title to land, an easement, whether acquired by deed or by possession, may be lost by entry and continuous adverse possession for the statutory period of fifteen years by even a tort-feasor. It seems to us, therefore, the first of the two instructions is unobjectionable. But the question arises, what is the nature and extent of the adverse possession required in order to ultimately ripen into a title to an easement of a

burial lot? It seems to us burial of the dead body is the only possession, when claimed and known, necessary to ultimately create complete ownership of the easement so as to render it inheritable; and as long as it is inclosed as a burial place, or, even without inclosure, as long as gravestones stand marking the place as burial-ground, the possession is, from the nature of the case, necessarily, and, therefore, in legal contemplation, actual, adverse and notorious. Moreover, there can not be an actual ouster of possession by an intruder, nor running of the statute of limitation in his favor, while such gravestones stand there indicating by inscription the previous burial of another.

It appears that appellee does not now nor has resided in Paducah for many years. But non-residence does not divest an heir-at-law of such easement; the gravestones of his parents being, as long as they stand, conclusive of his claim of ownership as well as right of entry.

The last instruction seems to require, as evidence of adverse possession, some visible acts of ownership by the claimant in the preservation and use of the ground for burial purposes. And in that respect it was rather prejudicial to appellee.

As no error of law occurred prejudicial to appellant, and there is evidence to support the verdict, the judgment is affirmed.