# Union Cemetery Co. *v.* Alexander.

### Damages for Denying Sepulture.

(Decided June 30, 1915.   69 South. 251.)

1. **Pleading; Demurrer; Specification.**—A general demurrer to a complaint is properly overruled under § 5340, Code 1907.

2. **Frauds; Statute of; Pleading; Necessity.**—The defense of the statute of frauds must be set up by special plea, unless it affirmatively appears on the face of the complaint that the contract is within the statute.

3. **Cemeteries; Right of Burial; Denial.**—Where plaintiff was rightfully in possession of a lot in defendant's cemetery, and had caused a grave to be opened therein to bury her grandchild, and the defendant wrongfully prevented her from using the lot for burial, thus delaying the funeral ceremony, humiliating and embarrassing plaintiff, causing her to suffer great mental distress, and forcing her to have another grave opened on another lot, plaintiff had a right of action.

4. **Same; Damages.**—For such acts of defendant, plaintiff was entitled to recover punitive damages.

5. **Same; Evidence.**—The questions in this case were for the jury under the evidence.

6. **Same; Character of Right; License.**—A formal deed to a lot in a cemetery is not necessary to confer the exclusive right to use such lot for burial purposes, for that right may be acquired by prescription, when adverse pos-

[Union Cemetery Co. v. Alexander.]

session is held for the statutory period, since the purchaser of a lot only acquires license to make interment, and does not acquire title to the soil, although an absolute deed is given.

7. Same; **Evidence; Punitive Damages.**—The evidence in this case is sufficient to justify an award by the jury of punitive damages and damages for mental anguish.

8. Same; **Verdict.**—A verdict for $400 was not excessive when considered in the light of the allegations of the complaint, and the evidence introduced in support thereof.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.

Action by Georgia Ann Alexander against the Union Cemetery Company and others for damages for a denial of the right of sepulture. Judgment for plaintiff in the sum of $400, and defendant appeals. Affirmed.

W. S. BURROW, and L. J. HALEY, for appellant. BEDDOW & OBERDORFER, and Z. T. RUDOLPH, for appellee.

BROWN, J.—This is an action of trespass on the case for wrongfully interfering with the right of sepulture in the Union Cemetery, located near Woodlawn, Ala. The case was tried on the third, fourth, and fifth counts of the complaint as amended, and the general issue and special plea 3, averring: "That the Union Cemetery Company had never sold a lot to the plaintiff, and plaintiff had never gone into possession of any lot, and had never paid the purchase money for any lot."

The only errors assigned upon the record are predicated on the rulings of the court on the demurrers to the complaint and overruling the motion for new trial.

(1) Some of the grounds of demurrer are general, and were properly overruled for that reason.—Code 1907, § 5340.

(2) Some of the demurrers, however, are sufficient to raise the point insisted on in argument, that the complaint should aver facts taking the contract or agreement on which plaintiff relies to sustain her right of sepulture out of the statute of frauds. It is a sufficient answer to this contention that the defense of the statute of frauds, where such defense is appropriate, must be pleaded, unless it affirmatively appears on the face of the complaint that the contract is within the staute and is avoided thereby.—*Shannon v. Wisdom,* 171 Ala. 413, 55 South. 102.

(3, 4) The counts of the complaint each averred that the plaintiff was rightfully in possession of a lot in the Union Ceme-

tery near Woodlawn, Ala., and on the day of the alleged wrong had caused a grave to be opened on said lot for the purpose of burying the corpse of her grandchild; that the defendants wrongfully prevented the plaintiff from using said lot for the purposes of interring said corpse, and by such wrongful acts deprived the plaintiff of the use of said lot, and plaintiff was delayed in the funeral ceremony, humiliated and embarrassed, and suffered great mental distress, and, besides being deprived of the use of said lot, was forced to have another grave opened on another lot; and the fifth count contains the additional averments: "That when the plaintiff and the funeral party with said corpse arrived at said grave on said lot, the defendant, well knowing that so to do would likely and probably cause the plaintiff great inconvenience, humiliation, and damage, wrongfully and wantonly prevented plaintiff from burying the said child on said lot. She was greatly humiliated, inconvenienced, caused to suffer great physical and mental pain and anguish, was made sore and sick, and plaintiff claims punitive damages."

These counts were sufficient to state a cause of action, and were not subject to the demurrers interposed to them.—*Bessemer Land & Improvement Co. v. Jenkins*, 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26; *Wright v. Hollywood Cemetery Co.*, 112 Ga. 884, 38 S. E. 94, 52 L. R. A. 62; *Gatzow v. Buening*, 106 Wis. 1, 81 N. W. 1003, 49 L. R. A. 475, 80 Am. St. Rep. 1; 6 Cyc. 716; *Birmingham Transfer Co. v. Still*, 7 Ala. App. 556, 61 South. 611.

The only reasons urged in argument as a basis for error in the action of the court denying the motion for new trial are: (1) There is no evidence to support the verdict; (2) refusal of the affirmative charge as to each count of the complaint; (3) that the verdict was excessive.

(5) The evidence adduced shows, and tends to show, that from the year 1900 to the time of the trial the defendant Union Cemetery Company owned and kept a cemetery where persons could purchase the right to bury their dead; that in the year 1900 the plaintiff purchased the right to inter in a certain lot in said cemetery, and paid therefor the amount required, such payments being made in installments and at different times, the payments having been completed in the year 1901; that at the time the right was purchased the plaintiff buried her mother in said lot, and within the next year or two buried her daughter-in-law

and a grandchild on this same lot; that more than 10 years before the alleged wrong complained of in this case the plaintiff placed a fence around the lot; that in April, 1912, the defendant Jackson was the general manager of the defendant cemetery company, and plaintiff, after notice to said Jackson, caused a grave to be opened on her said lot for the burial of another grandchild, the grave being opened by and with the consent of said Jackson and under his directions. After the grave was opened, the defendant, through its said general manager, Jackson, without notice to the plaintiff, gave directions not to allow the corpse to be interred except upon condition of the payment of a sum of money Jackson claimed to be due on said lot; and the funeral party without any knowledge of such instructions, proceeded to the cemetery for the purpose of burying the said grandchild, and when at the grave the sexton, acting upon the instructions of the defendant Jackson, refused to allow the use of the grave opened on plaintiff's lot. The funeral ceremonies were interrupted until another lot was purchased and a new grave opened. The interruption of the funeral ceremony was directed by the defendant Jackson, who was at the time the general manager of the cemetery company. Subsequent to the alleged wrong, a meeting of the stockholders of the cemetery company was called, and at this meeting the stockholders by resolution proposed to give the plaintiff a deed to the lot if she would release the defendants from damages on account of the wrong.

(6) The defendants contended that while the plaintiff purchased a lot she had not paid for the lot, had no deed to it, and had no right to use it for the burial of her dead. The purchaser of a lot in a public cemetery only acquires a privilege or license to make interment, and although a deed absolute in form is given, the purchaser does not acquire title to the soil.—*Bessemer Land Co. v. Jenkins*, 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26; 6 Cpc. 717. Therefore a formal deed is not necessary to confer the exclusive right to use a lot in such cemtery for burial purposes, and it may be acquired by prescription when adverse possession for the purpose is held for the statutory period.—6 Cyc. 716, 717; *Hook v. Joyce*, 94 Ky. 450, 22 S. W. 651, 21 L. R. A. 96.

The evidence was sufficient to justify a submission of the case to the jury, and the affirmative charge was properly refused. The jury seems to have accepted the plaintiff's theory of the

facts, and we are not able to say, after a careful consideration of the evidence, that the preponderance of the evidence is against the verdict, and that the court was wrong in refusing a new trial.—*Cobb v. Malone,* 92 Ala. 633, 9 South. 738; *Montgomery-Moore Mfg. Co. v. Leeth,* 2 Ala. App. 324, 56 South. 770; *Borden v. Vinegar Bend Lumber Co.,* 2 Ala. App. 354, 56 South. 775; *M. & O. R. R. Co. v. Barber,* 2 Ala. App. 509, 56 South. 856.

(7, 8) The evidence adduced by the plaintiff, if believed, was sufficient to justify an award of damages for mental anguish and also punitive damages, and we are not convinced that the verdict is excessive.—*Wright v. Hollywood Cemetery Co., supra; Birmingham Transfer Co. v. Still, supra; Bessemer Land Co. v. Jenkins, supra.*

The evidence not only shows that the funeral services were interrupted by express direction of the general manager of the defendant cemetery company, but that his conduct was afterwards ratified in a meeting of the stockholders before the filing of the suit; therefore the insistence that there is no evidence tending to connect the cemetery company with the tort is untenable.

We have considered all matters insisted on in brief, and find no error in the record, and the judgment must be affirmed.

Affirmed.