278 So.2d 364

**Bernard ALDRIDGE**

**v.**

**G. W. PUCKETT et al.**

**SC 179.**

Supreme Court of Alabama.

April 19, 1973.

Rehearing Denied June 7, 1973.

Harris, Harris, Shinn & Harris, Decatur, for appellant.

W. L. Chenault, Decatur, for appellees.

MADDOX, Justice.

This case involves the rights of the parties in a portion of a one-acre tract of land which was reserved for a family cemetery in a deed executed in 1911.

The deed contained the following reservation:

". . . [R]eserving however from the above tracts of land one acre square having for its SW Corner, the SW Corner of the family burying ground, and a driveway from the County Line to said burying ground. Said acre being reserved as a family burying ground for the Puckett families."

The complainants alleged that Bernard Aldridge (appellant) owned land adjacent to the one-acre tract reserved and was encroaching upon it. The evidence showed that approximately one-third of the tract was fenced and bodies were buried within the area. About two-thirds of the tract was claimed by Aldridge. Complainants asked the court to require Aldridge to remove any fences on the entire cemetery tract or the way leading to the tract. Complainants also asked for an injunction against Aldridge to prevent his interference with the cemetery tract or the right of ingress and egress.

Aldridge answered the bill and claimed that he and his wife owned all of the one-acre tract except a portion approximately 90 feet long and 70 feet wide, which Aldridge said was the only portion which had been used as a burying ground. He and his wife claimed ownership of the remainder of the one-acre tract by adverse user. Aldridge admitted complainants had a right to ingress and egress to the portion which had been used as a burying ground, thereby eliminating that as an issue.

The cause was heard ore tenus. Several witnesses testified and several exhibits were introduced into evidence.

The trial court, in a final decree, granted the relief the complainants prayed for.

It is from this judgment that Aldridge appeals.

The pertinent facts necessary to a determination of this appeal are not seriously controverted. In 1911, A. G. Puckett reserved the one-acre tract as a family burying ground. Since that time, there have been several interments in a portion of the area reserved. Members of the Puckett family have visited the burial ground and maintained it. No deed in Aldridge's chain of title, which includes the cemetery tract, contains any reservation for the cemetery, as did the deed from Puckett to Blythe in 1911.

Basically, we have a legal question to answer. What rights were reserved in the 1911 deed to the one-acre tract?

Since the beginning of recorded history, it has been found necessary to provide a burial place for the dead. In Kingsbury v. Flowers, 65 Ala. 479 (1880), this Court said:

"Burial-places for the dead are indispensable. They may be the property of the public, devoted to the uses of the public; or the owner of the freehold may devote a part of his premises to the burial of his family or friends. It is but a just exercise of his dominion over his own property . . . ."

Unquestionably, under the authority of Kingsbury v. Flowers, A. G. Puckett had the right to devote a part of his property to the burial of his family or friends. The question presented is what interest the parties here have in the one-acre tract. To determine the answer to this question, we must look to the language of the 1911 deed from Puckett to Blythe. It seems that Puckett intended to make a *reservation* in this deed as opposed to an *exception*. This Court has had occasion to distinguish between a reservation and an exception. In Frank v. Myers, 97 Ala. 437, 11 So. 832 (1892), this Court opined:

". . . [A] *reservation* is a clause in a deed whereby the grantor reserves some new thing to himself, issuing out of the thing granted, and not *in esse* before; but an *exception* is always of a part of the thing granted, or out of the general words or description in a grant. The books call attention to the frequent misuse of these terms; but in all cases effect is given to the clause as a reservation or exception, according to the subject-matter to which it applies, without regard to the term used . . . ."

In this case, dealing as we are with a family burial ground, we think that we should treat the language used as a *reservation.*

It has been held that the establishment of a private or family cemetery may result in the creation of an easement, a trust, a license, or a fee. 130 A.L.R. 250; Annotation: Private or Family Cemeteries, 75 A. L.R.2d 591. Our research does not indicate whether this Court has previously determined the nature of the estate in or the title to a private cemetery, but we believe that Alabama has inferentially followed the rule laid down in Heiligman v. Chambers, 338 P.2d 144 (Okl.), 75 A.L.R.2d 583 (1959), as follows:

"When a family burial plot is established, it creates an easement against the fee, and while the naked legal title will pass, it passes subject to the easement created. The easement is in favor of the person creating and establishing the burial plot and the right inherent in such person descends to his heirs. The easement and rights created thereunder survive until the plot is abandoned either by the person establishing the plot or his heirs, or by removal of the bodies by the person granted statutory authority. Nicholson v. Daffin, 142 Ga. 729, 83 S.E. 658, L.R.A.1915E, 168; Trefry v. Younger, 226 Mass. 5, 114 N.E. 1033; Hook v. Joyce, 94 Ky. 450, 22 S.W. 651, 21 L.R.A. 96; Roanoke Cemetery Co. v. Goodwin, 101 Va. 605, 44 S.E. 769; Boyd v. Ducktown Chemical & Iron Co., 19 Tenn.App. 392, 89 S.W.2d 360."

In Smith and Gaston Funeral Directors v. Dean, 262 Ala. 600, 80 So.2d 227 (1955), this Court, in speaking of the rights which are acquired in a burial lot, said:

"One who buys the privilege of burying his dead kinsmen in a public cemetery thereby acquires no general right of property. He acquires only the right to bury the dead, for he may not use the ground for any other purpose than such as is connected with the right of sepulture. Beyond this, his title does not extend. He does not acquire, in the strict sense, an ownership of the ground; all that he does acquire is a right to use the ground as a burial place . . . ."

In Union Cemetery Co. v. Alexander, 14 Ala.App. 217, 69 So. 251 (1915), it was said:

"The defendants contended that while the plaintiff purchased a lot she had not paid for the lot, had no deed to it, and had no right to use it for the burial of her dead. The purchaser of a lot in a public cemetery only acquires a privilege or license to make interment, and although a deed absolute in form is given, the purchaser does not acquire title to the soil. Bessemer Land Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 56 Am.St.Rep. 26; 6 Cyc. 717. Therefore a formal deed is not necessary to confer the exclusive right to use a lot in such cemetery for burial purposes, and it may be acquired by prescription when adverse possession for the purpose is held for the statutory period . . . ."

Based on what we construe the majority view to be, we conclude that under the facts here presented, an easement in the one-acre tract was reserved and that the easement and rights to the entire one-acre tract created under the 1911 deed survived, since there was an abundance of evidence from which the trial court could have found that the cemetery had not been abandoned. We find, therefore, that the trial court did not err in granting the relief sought by the complainants. The af-firmance of the judgment, however, does not necessarily indicate that we agree with the reasons given by the trial court in reaching such result.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.