The appellees argue at length that they had legal title to the lot in question and that they were merely exercising their legal rights in refusing to allow the burial of plaintiffs' father on their lot.
First, I am of the opinion that defendants did not have legal title, as such, to the lot in question. This Court has repeatedly stated that the right to bury the dead in a cemetery lot does not represent fee simple ownership of the property.
 "One who buys the privilege of burying his dead kinsmen in a public cemetery thereby acquires no general right of property. . . . He does not acquire, in the strict sense, an ownership of the ground; all that he does acquire is a right to use the ground as a burial place."
Smith Gaston Funeral Directors, Inc. v. Dean, 262 Ala. 600,605, 80 So.2d 227, 230 (1955).
In defining the nature of the interest a party has on "purchasing" a lot, the courts of our state have said,
 "The purchaser of a lot in a public cemetery only acquires a privilege or license to make interment, and although a deed absolute in form is given, the purchaser does not acquire title to the soil."
Union Cemetery Co. v. Alexander, 14 Ala. App. 217, 220,69 So. 251, 253 (1915).
Since we have held that the "ownership" right in a cemetery lot is only a privilege or a license, it would follow that a parol gift of the right to use the lot could be made. Thus in the case before us, it appears there was a genuine issue regarding the alleged parol gift of the use of the cemetery lot, and the respective rights of the parties in relation to the lot.
Furthermore, I am of the opinion that the defendants would be required to give the plaintiffs reasonable notice that they could not use the lot to bury their father. Messer v. City ofBirmingham, 243 Ala. 520, 10 So.2d 760 (Ala. 1942). Again, it appears to me that a genuine issue of material fact existed concerning the allegations of outrageous conduct by the defendants in relation to the manner in which notice was given.
MADDOX, J., concurs.