Mary Louise Tenney FRASER; Bernard H. Fraser; Robert Tenney Fraser; and Richard Goodwin Fraser, Appellants,

v.

Dwight G. TENNEY; Elizabeth Wallace Tenney; Earl Wallace Tenney; Dwight Goodwin Tenney, II; Elizabeth Goodwin Tenney; William Joseph Goodwin; Mrs. John Clay Barrickman; and Lexington Cemetery Company, Appellees.

No. 97–CA–0316–MR.

Court of Appeals of Kentucky.

July 2, 1998.

Discretionary Review Denied by Supreme Court April 14, 1999.

David T. Enlow, Tracey S. Enlow, Charles D. Cole, Lexington, Kentucky, for Appellants.

Gregory P. Parsons, C. Kennan Wethington, Lexington, for Appellees Dwight G. Tenney, Elizabeth Wallace Tenney, Earl Wallace Tenney, Dwight Goodwin Tenney, II, Elizabeth Goodwin Tenney, William Joseph Goodwin, and Mrs. John Clay Barrickman.

Before: EMBERTON, GARDNER, and SCHRODER, JJ.

## OPINION

SCHRODER, Judge.

This appeal questions the dismissal of a declaratory judgment action as not being ripe for adjudication. The case involved the attempted reservation of gravesites in a family plot within the Lexington Cemetery.

Joseph A. Goodwin purchased a family cemetery plot in the Lexington Cemetery in 1940. Over the years, the family grew and now there are only eight gravesites left, with one of those supposedly reserved for a particular heir. There are eighteen living heirs, including two of the appellants who want to reserve two gravesites for themselves.

The Lexington Cemetery policy (in absence of directions from the original owner) is that the right to be buried passes to the owner's descendants, and if there are none, or after they are all buried and space is left, it passes to the owner's parents and descendants, as provided by Kentucky's laws of descent.[1] The right to be buried passes on a first-to-need or -die basis, but designating or controlling the individual lots within the cemetery for burial is given to the "controlling heirs," which is defined as those living individuals in a class closest to the owner. For example, the owner, Joseph, died without children so control went to his parents who are both deceased. Control descended to his brothers and sister who are also deceased. The nieces and nephews then inherited control—which is where the parties are now. Both appellant, Mary Louise Fraser (Mary), and the appellee, Dwight Tenney (Dwight), are the sole surviving members of the class.[2] The members of that class jointly, or the survivor, decides where any heir will be buried.

Previously, both controlling heirs, Mary and Dwight, decided that a great nephew, William Joseph Goodwin, could reserve a gravesite to the exclusion of the first-to-need policy. Now Mary would like to reserve a gravesite for herself and for her son, Robert T. Fraser (Robert). Dwight doesn't agree, and the Lexington Cemetery's policy is to not bury a deceased heir in a particular lot until all "controlling heirs" are in agreement. There is no mention of "reservations." Mary claims she is advancing in age and would like to make arrangements now for her final resting place. She filed a declaratory judgment action to see if she could reserve two lots, but the trial court dismissed the action on the grounds that the case is not ripe for adjudication.

On appeal, Mary contends that as one of two surviving controlling heirs, she currently shares the right to decide where individuals are to be buried, and there is an actual controversy that should be heard now and not after one of them dies. The circuit court decision implies that there is no right to a reservation and that the controlling heirs only have the right to select the particular site when the need arises. Therefore, until a

1. Parentelic system used, deduced from KRS 391.010; *Hook v. Joyce, infra;* and *Brunton v. Roberts, infra.*

2. Second degree of kinship or consanguinity according to the common law or church system and third degree according to the civil system.

death in the family, site selection is not ripe for adjudication. We agree.

 When Joseph A. Goodwin purchased the family plot within an established cemetery,[3] he acquired an easement or license to make internments therein as he assigned or as he designated with the Lexington Cemetery. *Brunton v. Roberts,* 265 Ky. 569, 97 S.W.2d 413 (1936). This right of sepulture is a property right subject to reasonable regulations by the cemetery and by the state. *Id.* and *Hertle v. Riddell,* 127 Ky. 623, 106 S.W. 282 (1907). In the absence of an assignment of sites by the purchaser, before his death, the lineal descendants or parentelic relatives of the deceased have an easement in the unused sites in ground dedicated to family burials. *Id.See also Hook v. Joyce,* 94 Ky. 450, 22 S.W. 651 (1893).

The heirs are joint owners of the easement for interment. The right to possession of a lot or the right to be buried therein, is on a first-need basis (date of death), provided there is space available. We believe this is the common law which exists in Kentucky. *See* 14 Am.Jur.2d Cemeteries, Section 26; 14 CJS Cemeteries § 28. As such, the consent of the other living joint or co-owners is not necessary for burial, but is necessary for selection of a particular burial site at the time of need. *Id.*[4] The Lexington Cemetery policy reflects common law to an extent. However, instead of needing all heirs consenting to a particular site, the policy provides for "controlling heirs" as discussed above, which is a more manageable solution. Under the common law, as well as under the policy of the Lexington Cemetery, it appears that "reservations" are not permitted. Therefore, selection of a burial site for Mary and her son can only be made after their respective deaths, and only if sites are still available. Until that time, we agree with the trial court that the controversy is not ripe for adjudication.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

All concur.

---

**3.** If Joseph purchased a parcel to establish a family cemetery, he would have purchased a fee and not an easement. However, the heirs would have acquired an easement. *Haas v. Gahlinger,* Ky., 248 S.W.2d 349 (1952); *Hook v. Joyce,* 94 Ky. 450, 22 S.W. 651 (1893).

**4.** Spouses and other non-heirs would also need consent of all the living co-owners at the time of burial.